Ruffin, Judge.
 

 — The bill is filed for the purpose of setting aside a conveyance, made by
 
 Friddle
 
 and wife, to the other Defendant, on the ground, that the executors fraudulently conveyed, in payment of a private debt, the estate of their testator, which they held by the express terms of the will, in trust for the children of the testator. The Court has looked into the will, and the answer of McKenzie; and it thence appears plainly enough, that
 
 *465
 
 the deed cannot stand, unless upon the general accounts of the esuite, debts of the testator, ora b- lance due the executrix, shall be found to justify such a disposition of the property as has been made. Upon the merits, as now indicat"d, there would he no hesitation in decreeing the relief prayed. But the bill itself is so fatally defective, that, nothing can be made of it. The will 1 arries the rent; of the lands, and the negroes, and their hires and issues, first to the education of the children, and then into the general residue of the estate, after making up such losses as might occur in the legacies by the death of the slaves, specifically bequeathed ; and the will shows five children, besides
 
 Elizabeth
 
 (who is excluded from the residue) and the unborn child of which the testator thought, that his wife might be
 
 enednt.
 
 The bill is brought, by only three of the children, without making any of the others parties, or assigning a reason for the omission : and it prays simply, that this conveyance may he declared void, and the estates conveyed to some other trustee.
 

 It is impossible, that isolated acts in the course of an administration can be made the subjects of a suit. Their merits cannot, be determined, without going into the whole estate, and there is nothing it! the pleadings to cover such an extended inquiry. The Court cannot permit litigation to be multiplied by splitting upa mal-administration into all its particulars, and making cadi the subject of a suit. The whole forms hut one trust and subject of litigation. Parties, under such a practice as is attempted, would be ruined by costs, and the Court harassed continually by repeated investigations of the same matter. Besides, all the parties in interest must be before the Court. How can we declare the conveyance void, and deprive the executors of the trust, and appoint anu’her trustee, without knowing the wishes of the other leg iters? If indeed a formal party alone were waiting, the Court might overlook it, or send the case hack, to have the de-lect supplied. But here the cause is brought to a hear-.
 
 *466
 
 jng, upo» a bill ho entirely founded on a misconception.
 
 &u<i
 
 defectively framed, that it is incapable of amend" ft;( :-t, without making a new case altogether.
 

 Per Curiam.
 

 — Decree, that because it appears from the will of
 
 Mason Huson
 
 in the pleadings mentioned, that there are besides the Plaintiffs other residuary legatees, who by said will are entitled to shares in the testator’s estate, and particularly in the portions of it in controversy in this cause, and they are not. made parties to the suit, nor any reason assigned for the omission 5 and be» cause no general account of the testator’s estate, is sought in the bill, or can be taken under it, the bill is dismissed with costs. But declare, that this decree is without prejudice to any proper bill to be brought by the Plaintiffs for such gem-ral accounts, including the subject matter of the present bill.