Ruffin, Chief Justice,
 

 after stating the facts as above set forth, proceeded:—
 

 Upon the answer of George Long there is no reason why the court should not proceed to an account of what is or ought to be in his hands, arising out of either of his offices of guardian or executor ; and it must, of course, be ordered. It is equally clear that John Long ought to account in like manner to some person. The only question is, whether the plaintiffs as legatees .have the power to call for it. Generally, the executor alone can sue a debtor to, or trustee for the testator, in respect of personalty. But we think the present is a case within the established exceptions. If the
 
 *62
 
 insolvency and incapacity of the executor would
 
 not,per se,
 
 suffice; yet those facts, with others, admitted or clearly Prove& raise so high a presumption of collusion as to establish it for this purpose. Doubtless the denial of itin the answer may be true as to the period, to which that positive denial particularly points; that, namely, of the contest for the guardianship. But their subsequent conduct is not susceptible of the same charitable interpretation. These persons are brothers, residing in the same neighborhood, and cognizant of each other’s transactions and liabilities in their respective offices, and bound to account with each other, for the benefit of third persons. But they do not account for a period of eleven years, and the executor is known by each to be irresponsible by reason of his insolvency; and each of them, upon a ground common to both, dóny a liability for the profits of certain parts of th.e real estate, with which
 
 prima facie
 
 they are chargeable. Can one help entertaining a strong suspicion under such circumstances, that the laches of the executor, otherwise so unaccountable, ought to be attributed either to positive collusion, or to that undue influence, exercised for gain by one brother, and yielded to by another, which amounts to the same thing in good sense, and in the view of a court of justice ? If to those grounds of presumption be added the surprising fact, that six years after the former guardian had handed over to his successor what he thought proper as the effects of the'ward, and a few months after the death of the ward, when the latter was acting as executor, the former so far prevailed over him as to induce him, contrary to law and common reason, to pay back to him a sum of money in part of some larger sum which he claimed for his trouble as guardian; and "all this without, even then, coming to an account. The evidence cannot be resisted of a power and control so exerted, for unfair and unjust ends, by the one over the other, as to constitute collusion. George Long might, perhaps, from negligence have omitted to sue John. It is possible. But there is enough in the case to satisfy the mind that he was not singly negligent, but that he was also unwilling to sue, and was thus unwilling because it was against the interest and wishes of his brother. There is therefore a proper ground for this bill of the legatees against
 
 *63
 
 John Long
 
 ;
 
 and there must be a similar reference to take his • accounts. The other questions made in the pleadings •will properly come up for decision, upon the report of the master. . ,
 

 Per Curiam:. . Direct an account.