Nash, J.
 

 A demurrer is filed on the part of the defendant, Lydia McBryde.' Several causes of demurrer are assigned, but as two of them are, in the opinion of the court, decisive of the case, it nas not been thought necessary to notice
 
 *533
 
 the others, and no more of the case, made by the bill, is stated, than is required to shew the application of the demurrer.
 

 The third special cause of demurrer assigned is, the want of parties. The bill alleges, that Flora Martin is a legatee, under the will of William Martin, and that she is dead, and no person representing her is made a party. From the frame of the bill w.e are to suppose, that, if legatees at all, they are jointly so. One object of a Court of Equity is to do complete justice to all persons, interested in the matter in controversy before it. It is, therefore, a general rule, that all persons interested in the subject ought to be made parties to the suit, either plaintiffs or defendants. This rule, however, admits of several qualifications; as where some of the parties are out of the jurisdiction of the court, or where they are so numerous, that it would be very inconvenient to make them all parties. Mitf. Pl. 164, 166. 2 Mad. Ch. 178. The bill will be sustained, if the excuse for not making them parties appears on the face of the bill. So, when a party interested" is dead, his representative must be brought in, and, if there be none, he, who seeks a division of the fund, must procure a representative.
 
 Branch
 
 v.
 
 Branch,
 
 1 Murp, 132.
 
 Shaw
 
 v.
 
 Shaw,
 
 1 Murp. 334.
 
 Bryan
 
 v.
 
 Green,
 
 3 Ired. Eq. 167. 2 Mad. Ch. 178. In this case it is shewn in the bill, that Flora Martin is a legatee under the will. It is not sufficient to authorize the court to proceed without her representative, to state that she has none. The plaintiffs ought to have procured one. Nor is it sufficient that the plaintiffs are, or maybe, her next of kin and entitled to her personal property. They are not the only persons interested in her estate, [f there are creditors, their claims are of superior dignity and are first to be attended to. We would observe, the case comes before us, as by appeal, and there is no motion to amend by making parties or otherwise.
 

 Another cause of demurrer has been assigned; that the bill is defective in its frame. A demurrer in Equity is similar to one in law, and is an appeal to the court, whether the defendant shall be compelled to answer the bill. It is for cause apparent upon the face of the bill. The plaintiffs have made the
 
 *534
 
 will of William Martin a part of their bill, without annexing C0P^ i no1’ does the bill set forth any part of the contents of the will, except the appointment of executors, nor that the pia¡atiíFs are next of kin. The bill is therefore defective in its frame. We cannot see, as the plaintiffs profess to shew, nor does the bill shew, that they are the legatees of William Martin. If the will had been set forth, it might have appeared, that, under it, they have no interest.
 

 The interlocutory order, overuling the demurer, ought to be reversed, the demurer sustained, and the bill dismissed without prejudice,
 

 Pee Curiam, Ordered to be certified accordingly.