Ruffin, C. J.
 

 There are several objections to the plaintiffs’ case, which are fatal to it. The principal object of the bill is, to set up the alledged agreement of Brown and Foulk, to sell to the fathers of the plaintiffs some interest, it was supposed they had in the property that fell to Mrs. Nance in the distribution of her first husband’s estate ; and to have it specifically executed, or in some way to have a decree for the payment of the sums which were given as the price of that interest. Now, the rule is clear, that a suit against Brown and Foulk, for those purposes ought to be brought by Linnon, the executor of Edward W. Nance, one of the supposed purchasers, and the administrator of Daniel H. Nance, the other of such purchasers. Instead of that, it has been brought by the children of those persons, as being entitled as their next of kin. In the first place the remark occurs, that the bill states that one of those persons, Edward W. Nance, made a will — and that puts an end at once to the rights of his children in this fund, as next of kin, and makes it necessary that they should show a title under the will, if it gives any thing to them. But the bill states no part of the will, except that it appoints Linnon executor, which is certainly insufficient, as the Court cannot decree, upon a presumption that the instrument contains no disposing
 
 *302
 
 clause, when it was so easy to stats its provisions in the bill, and produce the will in evidence. Supposing, then, that a bill could be brought in this case by the legatees and children of those purchasers respectively against the Vendors, making the executor and administrator and the purchasers, a defendant; this bill at all events cannot be sustained, because none of the plaintiffs legally represent Edward W. Nance, whose interest must be before us in some way. But if that difficulty was removed, and Edward W. had died intestate as well as Daniel H. Nance, we should hold, that the bill, as it is framed, will not lie. It charges no collusion, either in detail as to its circumstances,.or even generally, between Linnon and the'other defendant. It does not implicate that person, even in the formal charge of combination and confederacy, but restricts that to the other parties, Brown and wife, Foulk and wife, and Powell. Indeed, the bill expressly repels any such imputation against Linnon, by assigning, as the reason why he did not sue and why the plaintiffs did, that Limion’s evidence was indispensable to establish the alleged contract between his testator and intestate and the other parties; and not that the plaintiffs had applied to Linnon to sue, and that, by collusion with the other defendants or for some other insufficient reason, he refused to do so. It is plain, therefore, that Lmnon’s unfaithful conduct has not compelled the plaintiffs to resort to thi's mode of seeking redress: but that the suit has assumed its present form by concert between Linnon and the plaintiffs, because it was supposed that by that means be might, be made a witness in the case, in which he regularly ought to have been the plaintiff. We are not aware of any such precedent, nor any principle upon which such a proceeding could be upheld. There is no privity between the plaintiff and Brown and Foulk, in respect of this paid of the claim between them and Powell, the administrator of Mrs. Robins, which can. make those persons answerable to the plaintiffs, Those persons
 
 *303
 
 are answerable, not to the next of kin, but to the personal representatives of the two purchasers. Legatees, next of kin and creditors of a deceased person can only file a bill against a debtor to the deceased, or his trustee, by charging collusion between the debtor or trustee and the personal representative, or some other peculiar circumstances. which give a right to the legatees, next of kin or creditors, to bring that suit which the personal representative might and ought to have brought. Collusion is the usual foundation of such a bill, and without it or some equivalent ground, as the insolvency of the executor or the like, it will not lie.
 
 Mit. Pl.
 
 158.
 
 Doran
 
 v.
 
 Simpson,
 
 4 Ves. 665.
 
 Troughton
 
 v.
 
 Binks,
 
 6 Ves. 572.
 
 Alsager v. Rowley, Idem.
 
 748. And although in' such cases the general allegation of collusion may be sufficient to shut out a demurrer, yet it is most proper to state the facts, on which the allegation is made; and, rmry clearly, when the cause is brought on to a hearing they must be proved, since the collusion is a material ingredient in the jurisdiction.
 
 Benfield
 
 v.
 
 Solomons,
 
 9 Ves. 77, 86.
 
 Dameron
 
 v.
 
 Clay,
 
 2 Dev. Eq. 17. But there never has been an idea, that legatees and creditors can bring such a bill, for the reason, that the executor could not, or that he would not prove the case, if the suit was brought by himself, but could, as a witness, prove it for the other parties. It would reverse the whole rule that is founded on collusion. This, therefore, is another conclusive objection to the bill. It, however, would not have been adverted to thus particularly, had it not been material to another part of the bill, which will be presently considered and to which it is equally applicable, as it is to the claim under consideration : For, independent of all legal impediments to this part of the plaintiffs’ demand, there is a clear answer to it on the merits, as proved by the witnesses, or admitted in the bill, as a little attention to facts will show. The statement of the bill, as to the subject of the alledged contract, is vague, and perhaps might
 
 *304
 
 be property objected to as destructive of the bill altogether, as every bill ought, at least, to state with precision a contract, which it seeks to enforce. Here the language of the bill is, that Brown and Poulk sold to their brothers-in-law, “ their expectations from the reversion of what had passed to the widow in the said division, or their right as next of kin in the personal estate of the widow.” Those defendants .deny any such contract as either'of those alleged, and say that the receipts they gave plainly and correctly express the transaction to have been the payment to them of the several sums remaining due for the distributive shares of their wives ; and there is no evidence of any mistake in drawing those instruments. But passing that by, and proceeding to the fact as stated by the plaintiffs’ witness, we find that the contract between the parties was, that the sums paid to Brown and Foulk were in satisfaction of their wives’ shares of the estate of the father then in the hands of the administrators, and also as the price for their shares in “ the property that went into, and was then in the hands of Dorothy, the widow, which she received in the division of the estate of her husband.” This agreement, therefore, was not for the sale of the daughters’ expectancies, generally, from their mother, but for their expectancies in reference to the slaves arid other property which she received as her distributive share, as widow of Wynn Nance, and th,en had in her hands. From the very nature of such a purchase, admitting the terms of this contract to have been sufficiently specific to admit of execution in this Court, it is subject to the contingencies, that Mrs. Nance did not dispose of that particular property in her life-time, or by her will in favor of •some other person, but that she either should give it to Brown and Foulk and their wives, or die entitled to that property and intestate, whereby distributive shares of it would come to those persons. Thus viewed, the whole subject of the agreement was lost to Mrs. Nance and to
 
 *305
 
 her first children by her subsequent intermarriage with Robins, which is stated in the bill; for, by that event, all that property, thus being at the time in her possession, vested in her second husband and could never again vest in her, as her distributive share of Nance’s estate. But it was contended at the bar, that the plaintiffs were, at all events, and laying aside all agreements, entitled to an account from Powell, as administrator of Mrs. Robins, and distribution of the property as her estate. That depends upon the enquiry, whether they are to be taken as her next of kin at her death, or some of them. The plaintiffs are the children and next of kin respectively of Edward W. and Daniel H. Nance,, who were, [we suppose, though it is not stated,] the sons of Dorothy Nance, as well as of her first husband. The death of Dorothy is stated to have been in March 1843, but it does not appear at what time either Edward W. or Daniel H. died whether before or after their mother, supposing her to be their mother. The bill, indeed, alleges that the plaintiffs are, with Mrs. Brown and Mrs. Foulk, the next kin of Mrs. Robins ; but the answers admit only that the plaintiffs are the children and next of kin of their respective fathers, and not that they are some of the next of kin of the widow; and there is no evidence upon the point. Since, then, the plaintiffs do not establish, nor even state, that their father died before their
 
 grand-mother;
 
 the bill cannot be supported upon any such presumption; for the Court cannot declare the fact, and that is indispensable to enable them to sue in the character of next of kin of the grand-mother. Of course, it lies on every plaintiff to shew his title upon the record. If the bill be considered as being brought by the children and next of kin of the deceased sons, Edward W. and Daniel H. Nance, then the objections recur with still more force, which have been already under discussion : that one of those persons made a will, and that Linonn is the proper person to claim their shares, and that no reason whatever
 
 *306
 
 is given why, in respect to this part of the case, he should be made a defendant. The bill must, therefore, be necessarily dismissed with costs; but it will be without prejudice to the rights of the plaintiffs as some of the next of kin of Mrs. Robins, (if they be so,) to bring any other proper suits for their shares of her estate.
 

 Per Curiam.
 

 Bill dismissed with costs.