Nash, J.
 

 The bill in this case cannot be sustained in any point of view. The parties, both plaintiffs and defend
 
 *274
 
 ants, are the next of kin of John Davidson, standing in equal relation to him, and equally entitled to a due proportion of his personal property — but none of them are entitled, in law, to its present possession, or to call upon a Court of Equity to interfere in its administration. If the next of kin, without the consent of the executor, where there is one, possess themselves of it, they are trespassers, and are accountable to the representative; and, if they take such possession, where there is no will, and before the appointment of an administrator, they make themselves executors of their own wrong, subjecting themselves to all the responsibilities of a regular executor, without many of his immunities. The bill states, that no administration upon the estate of John Davidson,
 
 pendente lite,
 
 has been granted. During the pending of the issue of
 
 devisavit vel non,
 
 the paper-writing propounded is not his will, and cannot be so considered, until so found by a jury of the country. It was the duty of the County Court, upon a proper application, to have appointed an administrator
 
 pendente lite,
 
 whose right it would have been to have taken into his possession all the personal property of the deceased, wherever found within the State. — It would have been his duty to sue for, and recover the slaves belonging to it, as well those in the possession of these defendants, as those in the possession of the purchasers from them. The property would then have been safe from the risk now apprehended. It is only through the medium of the personal representative, that Courts of law will interfere in the administration of a deceased per- ' son’s estate. Such representative is the proper person to collect in the assets, and to be answerable to those who may be entitled to them.
 
 Spack and Long,
 
 2 Dev. & Bat, Eq. 60;
 
 Alston and Batchelor,
 
 6 Ire. Eq. 269;
 
 McNair and McKay,
 
 11 Ire. 602;
 
 State
 
 v
 
 Britton’s Adm’r,
 
 11 Ire. 102. The plaintiffs, aware of this difficulty in their way, state, that they reside out of this Stale, and could not procure -’letters of administration.
 
 This
 
 cannot alter the law. Gene'-
 
 *275
 
 ral laws cannot cover each particular case that may arise, but constitute a general system, to which particular cases must conform. Both in law and equity, cases are governed by fixed principles; and, in this particular, the latter Court has no more discretion than the former.
 
 Bond and Hopkins,
 
 1 Sch. & Lef. 428, 1 Sto. Eq. s. 20. A Court of Equity then can no more dispense with proper parties to a case than a Court of law; nor can the fact of there being no person qualified to prosecute a legal claim before a legal tribunal transform the case into an equitable one, and thereby give jurisdiction to a Court of Equity.' A clear legal remedy or course existed in this case, and to that course the parties must be referred. The protection, which a Court of law was competent to afford to the plaintiffs, is as effectual and ample as that which they seek in this Court. It was the duty, then, of the complainants to have caused an administration
 
 pendente lite
 
 to have been granted.
 

 If, however, this legal objection did not exist, the relief sought for could not be granted. The plaintiffs do not present a statement of facts, authorising the use of the power of a Court of Equity to take property out of the hands of him, who is in the possession of it. If they were equitably entitled to claim it, they do not allege any facts, showing that their fears of its removal are well founded. Selling some of the negroes within the State is no such fact.
 

 Pee Curiam. Bill dismissed with costs.