The plaintiffs allege in substance.
1. That Charles Duncan died intestate, leaving a considerable personal and real estate, and leaving him surviving Charles H. Duncan, David Duncan, Howell Duncan, Simeon Duncan, Isaac Duncan, Rebecca Duncan, Rebecca Dixon (wife of _________ Dixon), and plaintiff Sarah Gilliam, then, and now, wife of plaintiff Robert, his heirs at law, distributees.
2. That Howell Duncan administered on the estate of said Charles Duncan, with the defendants Geo. W. Watkins and John A. Watkins as his sureties.
3. That in the course of his administration, the administrator sold the real estate of his intestate for assets for the payment of the debts, etc., under an order of the court. *Page 152 
4. That, after paying all the debts of his intestate and the charges of administration, there was left in the hands of the administrator (181) a large sum of money for distribution amongst the heirs and distributees.
5. That the plaintiff Sarah was entitled to have paid to her as her share of said sum of money one ______ part thereof, to wit, ninety-nine dollars thirteen cents and five-eighths, and the whole of said sum is due and unpaid, with interest thereon.
6. That Howell Duncan departed this life some time in the year 187__, having first made and published his last will, and appointed as his executor the defendant Geo. W. Watkins, who took upon himself the office of executor; but the said executor has never paid to the plaintiff said sum so due her, or any part thereof, though he had assets in his hands applicable to said debt, and sufficient to satisfy and discharge it.
Wherefore, the plaintiff demanded judgment for the penalty of his testator's bond aforesaid, to be discharged upon the payment of the sum of ninety-nine dollars and thirteen and five-eighth cents, with interest, etc., and for such other and further relief as, in the opinion of the court, plaintiffs, may be entitled to have.
Defendants demurred to the complaint, and assigned the following grounds:
1. That plaintiffs ought not to have and maintain their action against these defendants, because it appears on the face of the complaint that Howell Duncan, deceased, the testator of the defendant George W. Watkins, was the administrator of Charles Duncan, deceased, and that the said Howell, as administrator of the said Charles, died, leaving assets of his intestate unadministered in his hands; and that since the death of the said Howell, letters of administration de bonis non
have not been issued by the proper authority to the plaintiffs, nor (182) to any one else, upon the estate of the said Charles Duncan.
2. That the right of action, if any exists, is not in the plaintiffs as heirs at law, or as distributees of the said Charles Duncan, but survives to and vests in the personal representation of the said Charles, deceased, whenever such representation may be properly appointed.
The court doth adjudge that the said demurrer was insufficient, and overruled the same, with leave to the defendant to file answer, from which defendant appealed.
This action should have been brought by an administrator de bonis non.Tulburt v. Hollar, 102 N.C. 407; Merrill v. *Page 153 Merrill, 92 N.C. 657; Hardy v. Mills, 91 N.C. 131; University v.Hughes, 90 N.C. 538.
The demurrer, therefore, should have been sustained.
Error.
Cited: Jones v. Wooten, 137 N.C. 423.