ROBERT GILLIAM and WIFE v. GEO. W. WATKINS, Admr., et al.

*Administration—Parties—Distribution.*

An action to enforce the settlement and distribution of unadministered assets in the hands of a former administrator or executor must be prosecuted by an administrator *de bonis non.*

This action was tried before *Bynum, J.,* at April Term, 1889, of GRANVILLE Superior Court, upon complaint and demurrer.

The plaintiffs alleged in substance:

1. That Charles Duncan, died intestate, leaving a considerable personal and real estate, and leaving him surviving Charles H. Duncan, David Duncan, Howell Duncan, Simeon Duncan, Isaac Duncan, Rebecca Duncan, Rebecca Dixon (wife of _____ Dixon, and plaintiff Sarah Gilliam, then, and now, wife of plaintiff Robert, his heirs at law distributees.

2. That Howell Duncan administered on the estate of said Charles Duncan, with the defendants Geo. W. Watkins and John A. Watkins as his sureties.

3. That, in the course of his administration, the administrator sold the real estate of his intestate for assets for the payment of the debts, &c., under an order of the Court.

4. That, after paying all the debts of his intestate and the charges of administration, there was left in the hands of the administrator a large sum of money for distribution amongst the heirs and distributees.

5. That the plaintiff Sarah was entitled to have paid to her as her share of said sum of money one ____ part thereof, to-wit, ninety-nine dollars thirteen cents and five-eighths, and the whole of said sum is still due and unpaid, with interest thereon.

6. That Howell Duncan departed this life sometime in the year 187__, having first made and published his last will, and appointed as his executor the defendant Geo. W. Watkins, who took upon himself the office of executor; but the said executor has never paid to the plaintiff said sum so due her, or any part thereof, though he had assets in his hands applicable to said debt, and sufficient to satisfy and discharge it.

Wherefore, the plaintiff demanded judgment for the penalty of his testator's bond aforesaid, to be discharged upon the payment of the sum of ninety-nine dollars and thirteen and five-eighths cents, with interest, &c., and for such other and further relief as, in the opinion of the Court, plaintiffs may be entitled to have.

Defendants demurred to the complaint, and assigned the following grounds:

1. That plaintiffs ought not to have and maintain their action against these defendants, because it appears on the face of the complaint that Howell Duncan, deceased, the testator of the defendant George W. Watkins, was the administrator of Charles Duncan, deceased, and that the said Howell, as administrator of the said Charles, died, leaving assets of his said intestate unadministered in his hands; and that since the death of the said Howell, letters of administration *de bonis non* have not been issued by the proper

KILLEBREW v. HINES. ·

authority to the plaintiffs, nor to any one else, upon the estate of the said Charles Duncan.

2. That the right of action, if any exists, is not in the plaintiffs as heirs at law, or as distributees of the said Charles Duncan, but survives to and vests in the personal representation of the said Charles, deceased, whenever such representation may be properly appointed.

The Court doth adjudge that the said demurrer was insufficient, and overruled the same, with leave to the defendant to file answer, from which defendant appealed.

No counsel for the plaintiffs.
*Mr. John Devereux, Jr.*, for the defendants.

SHEPHERD, J.: This action should have been brought by an *administrator de bonis non.* *Tulburt* v. *Hollar*, 102 N. C., 407; *Merrill* v. *Merrill*, 92 N. C., 657; *Hardy* v. *Mills*, 91 N. C., 131; *University* v. *Hughes*, 90 N. C., 538.

The demurrer, therefore, should have been sustained.

Error.