## LOVEY NICHOLSON v. COMMISSIONERS OF DARE COUNTY.

*Legacies—Suit by Legatee to Recover a Debt Constituting
Legacy—Right of Action is Only in Personal Repre-
sentative of Testator.*

1. Personal legacies, whether general or special, can only vest in
the legatee by the assent of the personal representative in
whom the law vests the title to all the personal estate of the
deceased for payment of debts and necessary expenses of
administration; hence,

NICHOLSON v. COMMISSIONERS.

2. The legatee of a judgment debt against a county cannot enforce its payment by an action thereon, *mandamus*, &c., when the personal representative is not a party and when it does not appear that there is fraud or collusion between the debtor and personal representative of the deceased.

CIVIL ACTION, for mandamus, &c., to enforce payment of plaintiff's interest in a judgment rendered in favor of *Commissioners of Currituck County* v. *Commissioners of Dare County*, which belonged to the testator and others, tried at ———— term of CURRITUCK Superior Court, before *Green, J.* There was no judgment in favor of plaintiff against the Commissioners of Dare and no evidence of assignment of the judgment or any interest therein to plaintiff by the Commissioners of Currituck, but there was evidence of such assignment to C. W. Nicholson and others.

There was verdict and judgment for the plaintiff; from the judgment thereon the defendants appealed.

*Mr. W. B. Shaw*, for plaintiff.
*Mr. E. F. Aydlett*, for defendant (appellant).

FURCHES, J.: Plaintiff claims that the County of Currituck was largely indebted to C. W. Nicholson, who was plaintiff's husband, and who died about the first of June, 1880, leaving a last will and testament in which he bequeathed this debt, on Currituck County, to her—which last will and testament has been duly admitted to probate.

That the County of Currituck, having a large debt against the County of Dare which had been reduced to judgment in September, 1881, assigned $712.77 in the Dare County judgment to the said C. W. Nicholson, in part satisfaction of the indebtedness of Currituck to said C. W. Nicholson. That neither the County of Dare or Currituck has paid this $712.77 so originally owing by Currituck to C. W. Nicholson. And this action is brought by plaintiff to recover this claim and for mandamus.

NICHOLSON *v.* COMMISSIONERS.

The will of C. W. Nicholson is not made a part of the record, nor are we informed, by allegation in the pleadings or otherwise, whether there was an executor named in said will, and if so, whether he ever qualified or not, or whether there has been an administrator with the will annexed or not.. So far as we are advised from the pleadings or otherwise, there has never been a personal represenative of the estate of C. W. Nicholson.

Personal legacies, whether general or special, can only vest in the legatee by the assent of the personal representative in whom the law vests the title to all the personal estate of the deceased for the payment of debts and necessary expenses of administration.   Williams on Executors (5th Ed.), p. 567 and 1235 ; *Scott* v. *McNeill,* 154 U. S., 34.   Until there is a personal representative (administrator or executor) there is no one authorized to receive payment and to·give a receipt that would discharge the debt and protect the debtor.   And had defendant paid the plaintiff this demand and she had receipted for the same, this would not discharge the liability nor protect defendant, if there should be an administration and a suit thereon by the administrator or executor.

This being so it cannot be that plaintiff will be allowed to compel defendant to pay against its consent.   There are a few cases to be found where a legatee has been sustained in suing the debtor of the testator or intestate. But these are equitable actions where there are allegations of fraud and collusion between the personal representative and the debtor to cheat and defraud the legatee.   And in these cases it is necessary to make the personal representative a party.   *Fleming* v. *McKesson,* 3 Jones Eq., 316 ; *Spack* v. *Long,* 2 D. & B. Eq., 60.

But there are no allegations in this case to bring it

within this exception, and it must be governed by the general rule as stated above.

Defendant asked the court to charge the jury that there was no evidence of the assignment of any judgment or the interest of any judgment to the plaintiff by Currituck County.   This prayer the court refused, and in this there is error.

There were other questions discussed as to the assignment, statute of limitations, &c.; but as plaintiff cannot sustain her action for the reason we have stated we do not consider any other question.

There is Error.