PARKER v. COBB.

(Filed September 23, 1902.)

1. LEGACIES—*Devises—Wills.*

> Where a person devises land to his son for life, in trust for the support of wife and younger son of testator, and charges the land with a legacy, provided the elder son has but one child, and the elder son dies first, leaving but one child, the legacy is not payable until after the death of the younger son.

2. PARTIES—*Legacies—Wills.*

> In an action to enforce the payment of one of two legacies, the other legatee should be made a party.

ACTION by R. L. Parker against J. E. Cobb, administrator, and others, heard by Judge *Henry R. Bryan* and a jury, at Spring Term, 1902, of the Superior Court of EDGECOMBE County. From a judgment dismissing the action, the plaintiff appealed.

*John L. Bridgers,* for the plaintiff.
No counsel for the defendants.

CLARK, J. By the will of Bennett P. Pitt, probated and recorded 7 October, 1880, it is provided as follows: "(6) Item. I give and devise to my son, B. C. Pitt, and his heirs forever, all my plantation in the county of Edgecombe, and

State of North Carolina, whereon I now reside, known as the home tract, and containing 604 acres, in trust for the following uses: That my wife, Keturah Pitt may have the absolute use and control of the dwelling-house, garden, kitchen and all necessary out-houses, and that she shall be provided by my son, B. C. Pitt, with everything necessary for her comfortable support and maintenance, as she has lived in my lifetime, the control of these buildings and the farming of such necessaries to continue till the death or marriage of my said wife; that my son Hassell Pitt shall have the privilege of living on the premises, and out of the rents and profits of the plantation he also shall be comfortably supported during his life, and that my son B. C. Pitt shall, as far as possible, stand in my place to the said Hassell, and be to him both guardian and trustee; that the management of the said plantation shall be under the control of my son B. C. Pitt, unless he fails to perform the duties that have been hereinbefore imposed upon him in reference to my said wife and my son Hassell, and in the event of such failure has control over the plantation shall cease and determine during their lives and during the life of the survivor, and my wife shall have power to manage the farm and receive the rents and profits. But if my son B. C. Pitt faithfully discharges the duties imposed upon him as aforesaid, then he may appropriate to his own use the rents and profits of the farm over and above what is necessary for the support and maintenance of my wife and my son Hassell. From and after the death of my wife and my son Hassell, the said B. C. Pitt shall hold said plantation for his own use and benefit for and during the term of his natural life. From and after his death, I give and devise said plantation to the children of him, the said B. C. Pitt, and their heirs forever, without any charge or incumbrance, provided the said B. C. Pitt leaves him surviving more than one child or lineal descendant, but if he leaves him surviving

only one child or lineal descendant, then I give and devise said plantation to such child or lineal descendant, to him and his heirs forever—but charged with five hundred dollars, to be paid by the said child or descendant of Robert Lee Parker, son of Weeks B. Parker, and my daughter, Leah F. Parker—and also with the same sum, payable by the said child or descendant to George T. Singletary, son of R. W. Singletary and my daughter Mary Jane Singletary, his wife; and if the said B. C. Pitt shall leave him surviving no child or lineal descendant, then and in that event I give and devise said plantation to my own right heirs."

Said B. C. Pitt undertook the trust reposed in him by the terms of said paragraph, and faithfully performed the same until his death, which occurred in March, 1897. Keturah Pitt, wife of Bennett P. Pitt, and mother of B. C. Pitt, died before the death of said B. C. Pitt. The defendant John E. Cobb is administrator of B. C. Pitt.

Said B. C. Pitt left him surviving but one child, being his only lineal descendant, which said child is the defendant, W. B. Pitt, who is a minor under the age of 21 years, and has no general guardian, and appears by his *guardian ad litem*.

The plaintiff contends that on the death of B. C. Pitt, the lands described in clause (6) descended to W. B. Pitt, charged with the sum of $1,000, of which $500 belongs to the plaintiff and bears interest from the death of B. C. Pitt in March, 1897, and asks that the charge be declared for said sum and interest from March, 1897, and that unless payment thereof is made, the land be sold and said charge be paid out of the proceeds. This last the plaintiff afterwards modified by asking judgment that the land be sold subject to the right of said Hassell to retain possession of said farm and have his support out of the proceeds of same, or, if that can not be done, that a receiver be appointed to take posses-

sion of the farm, permitting said Hassell to occupy the
dwelling, and out of the rents and profits furnish him a com-
fortable support, and apply the balance to the payment of the
aforesaid legacy and interest, and the costs and expenses of
this action.

There is no question that the legacies have now become a
charge upon the land (*Hunt v. Wheeler,* 116 N. C., 422),
but the plaintiff is premature in asking to enforce it. The
testator placed the support of his wife and Hassell in the
first class, his son Bennett in the second class, and when
the charge in favor of his wife and Hassell shall cease by the
death of both, then the land is devised to his son B. C. Pitt
for life (and now, since his death, to B. C. Pitt's son, W. B.
Pitt, absolutely), charged with payment of the $1,000. Pitt
is only made a trustee and guardian during the life of the
testator's wife and Hassell, who are given the occupancy of
the premises, and, out of the rents and profits, was to support
them, taking the surplus, if any, for the faithful discharge
of his duties. "From and after the death of my wife and my
son Hassell," B. C. Pitt was to have the land "for his own
use," for life, and after his death it was to go to his chil-
dren, and if only one child, then subject to the above-recited
charge in favor of plaintiff and another for $500 each. That
B. C. Pitt pre-deceased Hassell does not alter the fact that
said B. C. Pitt was to hold as trustee and guardian (with
right to pernancy of surplus), and was not to hold for his
own use till "from and after the death" of both his wife and
Hassell.

Upon the death of Hassell, and not till then, would the
land descend freed from the above trust to B. C. Pitt, and
now to his son, and then the charge in favor of the legatees
will become payable, and until that event happens said lega-
cies will not bear interest. On the death of B. C. Pitt, the
pernancy of the profits over and above the support of Has-

sell go to the son, W. B. Pitt, as the testator's will makes B. C. Pitt and his children the sole beneficiaries as to this tract, subject to the occupancy of the premises by, and the support of, his wife and Hassell, and after the death of both of these and of B. C. Pitt himself, then, in the event the latter should leave only one child, a charge of $1,000 in favor of plaintiff and another grandchild. But both the death of the *cestui que trust* Hassell and of B. C. Pitt, leaving only one child, must occur before the legacies are demandable.

It was not intended that the lands should be charged at one and the same time with the support of the testator's wife and Hassell (or the survivor of them) and the payment of the $1,000 also. The land, if sold as requested by plaintiff, subject to the occupancy of the dwelling by Hassell and a charge for his support, would bring a very inadequate price, and the $1,000 legacy and interest as asked from March, 1897, would seriously impair the interest of B. C. Pitt (and now of his son W. B.), who are evidently intended to be preferred to the plaintiff and the other legatee.

We have not adverted to the defect of parties in that the other legatee of $500 is not made a party, which should have been done. In dismissing the action there was

No Error.