MITCHELL v. MITCHELL.

(Filed April 21, 1903.)

1. EXECUTORS AND ADMINISTRATORS—*Parties—Legacy.*

A legatee cannot maintain an action against the executor of another legatee who has taken possession of the property of the deceased devisor, but the action must be brought by the personal representative of the devisor.

2. CONTRACTS—*Wills—Legacies.*

A contract between two legatees whereby one of them agrees to pay a bequest to the other is void.

MITCHELL *v.* MITCHELL.

A:CTION by A. Mitchell against Francis and Jacob Mitchell, administrators of William Mitchell and others, heard by Judge *H. R. Starbuck* and a jury, at August Term, 1901, of the Superior Court of SURRY County. From a judgment for the defendants, the plaintiffs appealed.

*J. B. McGuffin, V. E. Halcombe, T. W. Folger* and *Shepherd & Shepherd,* for the plaintiff.
*Carter & Lewellyn,* for the defendants.

MONTGOMERY, J. William Burge, in his last ' will and testament, after providing for the payment of his debts, bc· queathed to the plaintiff Alexander Mitchell two hundred dollars, when he should become of age, and devised and bequeathed to William H. Mitchell "all my property, both real and personal, by his procuring for me a comfortable maintenance for life." Drewry and Nicholas Freeman were named as executors, but did not qualify, and no administration was ever had on the estate. William H. Mitchell took possession of the property and afterwards died. The defendants, Francis Mitchell and Jacob Mitchell, are the administrators of William H. Mitchell. This action was brought against them to recover the legacy bequeathed to the plaintiff in the will of William Burge. There was a judgment against the plaintiff upon the findings by the jury. The verdict was that the legacy had not been paid, and that the plaintiff's cause of action was barred by the statute of limitations. Without going into a discussion of the statute of limitations, we will simply say that upon the pleadings the judgment must be affirmed.

There was no cause of action stated in the complaint against the defendants. The legacy having been resisted according to the complaint and it becoming necessary for the plaintiff to bring an action for its recovery, administration should have been taken out upon the estate of William Burge.

The personal representative of William Burge was the proper person to collect the assets and to pay the legacy due to the plaintiff. In *Davidson v. Potts,* 42 N. C., 272, this court said: "It is only through the medium of the personal representative that courts of law will interfere in the administration of a deceased person's estate. Such representative is the proper person to collect the assets, and to be answerable to those who may be entitled to them." It does not alter the rule that no administration has taken place upon the estate of William Burge. It was the duty of the plaintiff to have had a personal representative appointed. *Martin v. Mc-Bryde,* 38 N. C., 531.

If the plaintiff and William H. Mitchell, the other legatee and devisee in the will of William Burge, had made an agreement by which the legacy given to the plaintiff was to be paid by William, the agreement could not be enforced, for the law would not recognize such a contract. In *Sharp v. Farmer,* 20 N. C., 122, the plaintiff was entitled to a distributive share in the estate of a deceased person, and upon an agreement that another distributee should collect the estate of the deceased, pay his debts and then divide the residue among the distributees, it was held that the plaintiff could not recover his distributive share from the other distributees after the estate had been collected and the debts paid according to the agreement. There, the court said: "It is an agreement between the next of kin of an intestate for an administration of the estate and its distribution by one of them, without obtaining letters of administration, or taking the oath of office or giving bond. This is prohibited by the Act. After a vast number of cases upon the subject it seems to be now perfectly well settled that no action will be sustained in affirmance and enforcement of an executory contract to do an immoral act, or one against the policy of the law, the due course of justice or the prohibition of a penal statute. The

distinction between an act *malum in se* and one merely *malum prohibitum,* was never sound, and is entirely disregarded, for the law would be false to itself if it allowed a party, through its tribunals to derive advantage from a contract against the intent and express provisions of the law."

Affirmed.