ROBERT L. SPIVEY v. G. W. GODFREY AND WIFE, MRS. G. W. GODFREY AND W. W. SEYMOUR, ADMINISTRATOR OF THE ESTATE OF D. M. SPIVEY.

(Filed 1 February 1963.)

**Executors and Administrators; §§ 6, 8;    Descent and Distribution § 10—**

Title to personal property of an intestate vests in his administrator and not his next of kin, and the next of kin may not sue a debtor of the estate for their distributive share in the absence of allegation of request upon and refusal of the personal representative to sue, collusion between the debtor and the personal representative, insolvency of the personal representative, or other like circumstance, even though the personal representative is made a party defendant and the next of kin allege that the proceeds of the debt are not necessary to pay the cost of administration or obligations of the estate.

APPEAL by plaintiff from *Mallard, J.,* September 1962 Term of LEE.

Plaintiff instituted this action in his own right on June 29, 1962 to recover from the individual defendants the sum of $1,252.43, money which belonged to D. M. Spivey, deceased. W. W. Seymour, administrator of D. M. Spivey, was made a party defendant.

The complaint alleges the following facts:

Plaintiff is an heir at law and one of the next of kin of D. M. Spivey who died intestate December 29, 1961. Plaintiff is entitled to one-sixth (⅙th) of the estate and the *feme* defendant is also entitled to one-sixth (⅙th). Defendant, W. W. Seymour, was appointed administrator of D. M. Spivey on January 12, 1962, and is presently acting in that capacity. After he was appointed, Mr. and Mrs. Godfrey disclosed "that they held and had in trust for the benefit of all the heirs of said estate the sum of $13,514.60, the property of the late D. M. Spivey, which was to be divided among his heirs at law and next of kin, ratably, according to their interest, . . . ." Plaintiff's share of these funds amounted to $2,252.43, of which $1,000.00 has been paid him. No part of these funds has come into the hand of the administrator and he needs no part of the funds for the payment of debts or the cost of administration.

Plaintiff prayed judgment for $1,252.43, the alleged balance due. The individual defendants demurred to the complaint on the grounds that the plaintiff has no legal capacity to sue and that there is a defect of parties plaintiff, G.S. 1-127. The demurrer was sustained and the action dismissed. Plaintiff appealed.

*Hoyle and Hoyle for plaintiff appellant.*
*Gavin, Jackson and Williams, for defendants, appellees.*

SHARP, J.   Pending the administration of an estate, it is well settled that title to personal property of an intestate vests in his administrator and not his next of kin. *Merrill v. Merrill,* 92 N.C. 657; *Snipes v. Estates Administration, Inc.,* 223 N.C. 777, 28 S.E. 2d 495; *Sales Co. v. Weston,* 245 N.C. 621, 97 S.E. 2d 267; *Rudisill v. Hoyle,* 254 N.C. 33, 118 S.E. 2d 145. Therefore, it necessarily follows that the administrator, and not creditors or next of kin, is the proper party to bring an action to collect a debt due the estate or to recover specific personal property. G.S. 28-172; 21 Am. Jur., Executors and Administrators, Section 897; *Rogers v. Gooch,* 87 N.C. 442; *Tulburt v. Hollar,* 102 N.C. 406, 9 S.E. 430; *Gilliam v. Watkins,* 104 N.C. 180, 10 S.E. 183. If a debt is due a decedent, it can be collected only by his administrator. *Brown v. Wilson,* 174 N.C. 636, 94 S.E. 416; *Anderson v. Anderson,* 177 N.C. 401, 99 S.E. 106; *Penland v. Wells,* 201 N.C. 173, 159 S.E. 423.

To this general rule, however, there are certain exceptions. If the administrator has refused to bring the action to collect the assets; if there is collusion between a debtor and a personal representative — particularly if the latter is insolvent; or, if some other peculiar circumstance warrants it, the creditors or next of kin may bring the action which the personal representative should have brought. 34 C.J.S., Executors and Administrators, Section 738(b); Anno. 158 A.L.R. 729, 730; *Spack v. Long,* 22 N.C. 60; *Fleming v. McKesson,* 56 N.C. 316; *Wilson v. Pearson,* 102 N.C. 290, 9 S.E. 707. However, in such a case the administrator must be a party defendant. *Murphy v. Harrison,* 65 N.C. 246; *Lansdell v. Winstead,* 76 N.C. 366; *Hardy v. Miles,* 91 N.C. 131; *Snipes v. Estates Administration, Inc., supra.*

In the complaint under consideration there are no allegations which would bring this case within any of the stated exceptions. The question posed on this appeal is this: Without such allegations, may one of six next of kin of an intestate, by making his administrator a party defendant, maintain an action against another of the next of kin for his distributive share of decedent's money which that other is wrongfully withholding? The answer is NO.

In at least two cases the Court has permitted the next of kin to maintain a suit against the representative of a defaulting administrator for a distributive share in the estate by making the administrator d.b.n. of the intestate a party defendant even though there were no allegations of collusion or refusal to bring suit. *Hardy v. Miles, supra* and *Snipes v. Estates Administration, Inc., supra.* In *Hardy,* the record was so voluminous that the court remanded the case so that the administrator d.b.n. could be made a party in order to save the litigants

"the repetition of the trouble and vexation they have already encountered." In *Snipes, Denny, J.* (now C.J.) reviewed the cases and said:

> "Consequently, under the facts disclosed on this record and in view of the character of the relief sought, it is proper but not mandatory that the administrator d.b.n. shall bring the action, but it is necessary for him to be a party to the action, either as the plaintiff or as a party defendant, in order to prevent a dismissal thereof . . . *The better, and more orderly, procedure is for the next of kin to bring such action only after the administrator d.b.n. has refused to do so.* However, we are not advertent to any case, and the appellant cited none, where this Court had dismissed an action of this character brought by the next of kin, for lack of necessary parties, where the administrator d.b.n. was named a party defendant . . . In the present action, if the relief sought is obtained, the assets of the estate of Bruce Snipes, deceased, will not be recovered by these plaintiffs directly, but said assets will belong to J. M. Wells, Jr., administrator d.b.n. of said estate and administered by him as provided by law, and the plaintiffs will receive from said administrator their distributive share of said estate." (Italics ours).

In both *Hardy* and *Snipes*, plaintiffs were seeking to recover their distributive shares of an estate from the representative of a former administrator whom they alleged had wrongfully converted or failed to account for it. In the instant case, the plaintiff's claim is not against the administrator but against a debtor of the estate. Indeed, although plaintiff has made the administrator a party defendant, what he really seeks to do here is by-pass an incomplete administration. Plaintiff has alleged that no part of the funds for which he sues is needed for costs or debts, but this action was instituted before the time had expired for creditors to file claims against the estate. G.S. 28-47. The administrator was appointed January 12, 1962; this suit was begun June 29, 1962.

It is one situation when the next of kin sue an administrator for conversion or negligence and quite another when they attempt to take over the administrator's duty. One is within the administration; the other is without. A suit by one of the next of kin to collect his share of decedent's funds in the hands of a third person is no different from a suit by a creditor of the estate to collect a debt due it. In the absence of allegations bringing the suit within one of the exceptions, this has never been permitted. *Nicholson v. Commissioners of Dare County,* 118 N.C. 30, 24 S.E. 728; *Davidson v. Potts,* 42 N.C. 272.

This Court has stressed the necessity for an orderly administration of estates. In *Alston v. Batchelor,* 41 N.C. 368, in holding that a legatee may not pay off the debts of a testator and then file a bill for repayment, it said: "It is the duty of the executor or administrator to pay debts; and if a legatee was allowed to interfere, it would be inconvenient and derange the clear course of administration."

We cannot imagine anything more calculated to interfere with an orderly administration than suits by impatient creditors or next of kin who attempt to preempt the duties of the personal representative by making him a party defendant to the suit. We think this case is controlled by *Nance v. Powell,* 39 N.C. 297. The factual situation there is somewhat complicated but, in essence, is this: The children of decedents, D and E, brought a suit against P the administrator of R, for two shares in the estate of R which they alleged had been assigned to D and E by defendants B and F. Without alleging any collusion or exceptional facts to justify it the plaintiffs made L, as the administrator of D and the executor of E, parties defendant. The position of the defendant was that he was ready to account to the proper person but that he was at liberty to account only to the executor and administrator of E and D respectively. The Court in sustaining this position and dismissing the action, said:

> "Legatees, next of kin and creditors of a deceased person can only file a bill against a debtor to the deceased, or his trustee, by charging collusion between the debtor or trustee and the personal representative, or some other peculiar circumstances, which give a right to the legatees, next of kin or creditors, to bring that suit which the personal representative might and ought to have brought. Collusion is the usual foundation of such a bill, and without it or some equivalent ground, as the insolvency of the executor or the like it will not lie."

If the allegations in the complaint under consideration are true, and the administrator had knowledge of the facts alleged, it was his duty to bring an action to recover not only for the plaintiff's one-sixth interest in the fund but the others as well. In a proper case, a personal representative may be removed for failure to prosecute or defend actions in behalf of the estate he represents. 23 C.J., Executors and Administrators, Section 297; 33 C.J.S., Executors and Administrators, Section 90; *Simpson v. Jones,* 82 N.C. 323. But clearly a request to sue and a refusal would be conditions precedent.

In addition to the plaintiff and the *feme* defendant, there are others of the next of kin of D. M. Spivey who represent four distributive

shares and are not parties to this action. If plaintiff were to be allowed to maintain this action, the court ought not to deal with the merits of the case unless these absent parties were also brought in. *Huson v. McKenzie et al*, 16 N.C. 463; *Parker v. Cobb*, 131 N.C. 25, 42 S.E. 531.

This case points up some of the difficulties which may be expected when orderly procedures for settling an estate are disregarded. The administrator's duty to collect funds belonging to the estate cannot be waived or obliterated by an allegation that he does not need them to pay the obligations of the estate. The interest of the next of kin in an estate is ordinarily only in distribution. The administrator owes a duty not only to the next of kin but to the creditors, the probate Court, and to the government.

Although the rule has been relaxed to permit next of kin to sue the representative of a defaulting administrator for their shares of the estate when the administrator d.b.n. is made a party defendant, the Court emphasized in *Snipes, supra,* that in the absence of exceptional circumstances this is not the orderly procedure. We are not inclined to relax the rule further so as to permit the next of kin to institute a suit to collect assets from a third party during the course of an apparently orderly administration.

The ruling of the court sustaining the demurrer and dismissing the action is

Affirmed.