STATE OF NORTH CAROLINA v. WILLIAM S. JESSUP

No. 7117SC125

(Filed 24 February 1971)

**1. Larceny § 4— indictment — ownership of property**

A proper bill of indictment for larceny must allege the ownership of the property stolen.

**2. Larceny §§ 1, 4— property stolen after death of the owner — allegation of ownership**

The ownership of money that was stolen after the death of the owner but before the appointment of his personal representative was properly laid in the estate of the deceased owner.

**3. Excutors and Administrators § 6— personal property — vesting in executor**

Personal property vests in the executor or administrator upon the decedent's death.

**4. Larceny § 7— larceny of father's money kept in packhouse — sufficiency of evidence**

Issue of defendant's guilt of the larceny of $20,100 from his father's locked packhouse on the morning of the father's death was properly submitted to the jury, where there was evidence that the father kept more than $20,000 in one hundred dollar bills in the packhouse; that the father was the only person who had keys to the locked packhouse; that the son had borrowed the keys three or four years prior to the father's death; that on the day of the father's death the money could not be found in the packhouse; and that when defendant was arrested eleven months later for drunken driving the arresting officer found 201 one-hundred dollar bills in the glove compartment of his car.

**5. Larceny § 6; Criminal Law § 169— larceny prosecution — testimony relating to search of car — voir dire — harmless error**

In a prosecution charging defendant with the larceny of $20,100 from his deceased father's packhouse, defendant was not prejudiced by the testimony of a highway patrolman in the presence of the jury that approximately eleven months after the larceny he stopped the defendant for drunken driving and found 201 one-hundred dollar bills in the glove compartment of the automobile, and that the search was made in connection with a recent robbery, notwithstanding there was no *voir dire* examination of the patrolman concerning the details of the search, where any prejudicial effect resulting from the mention of the robbery was removed by the patrolman's further testimony that he returned the money to defendant.

6. **Larceny §§ 5, 6— larceny of money — admissibility of money found in defendant's possession — failure to show identity of money**

In a prosecution charging defendant with the larceny of $20,100 in one-hundred dollar bills from his father's locked packhouse on the day of the father's death, evidence that the defendant had 201 one-hundred dollar bills in his possession eleven months after the larceny was admissible as a circumstance to be considered with other evidence in the case, particularly defendant's statement to his mother that he had taken the money, notwithstanding the State failed to identify the money found in defendant's possession as being identical to the money stolen from the packhouse.

APPEAL by defendant from *Armstrong, J.,* 28 September 1970 Criminal Session of STOKES Superior Court.

This is a criminal prosecution on a bill of indictment charging the defendant William S. Jessup with the larceny of $20,100 in cash from " . . . the estate of W. M. Jessup, deceased." Upon the defendant's plea of not guilty, the State offered evidence tending to establish the following pertinent facts: On 12 October 1967, W. M. Jessup, who resided with his wife, Mrs. Lily Jessup, on a farm in Stokes County, North Carolina, died in his bed at approximately 5:00 a.m. The deceased was known to keep large sums of cash in a box in a locked packhouse near the house. The wife testified that the box contained $3,000 of her own money, and more than $20,000 in one hundred dollar bills of her husband's money, and that the money was in the packhouse the night her husband died. So far as anyone knew, the deceased had the only keys to both the packhouse and the box. In February 1964, while W. M. Jessup was hospitalized because of a heart attack, the defendant requested and got the packhouse key from Mrs. Jessup in order to get something out of the packhouse, and returned the key the next day. Two or three hours after her husband's death, Mrs. Jessup went to the packhouse to get the money and found that the box containing the money was gone. Mrs. Jessup testified that the defendant was among the first to be notified of his father's death, but was one of the last to arrive at the home. On 6 September 1968, North Carolina Highway Patrolman W. C. Blalock stopped the defendant for driving an automobile while under the influence of an intoxicant on Highway 68 North of Walnut Cove, and found in the glove compartment of the automobile 201 one hundred dollar bills in a bank bag.

Mrs. Jessup testified that she talked to her son after she had learned that the patrolman had found $20,100 in the automobile. Mrs. Jessup testified:

> "He said that he had it. And he got mad and said, I got it and you and Jamie and Wilton won't get a 'God damn' dollar.
>
> " . . . He said yes, I got it and we wouldn't get a 'God damn' dollar. Yes, by God I got it. I will tell like he said it."

The jury found the defendant guilty as charged. From a judgment of imprisonment of not less than nine nor more than ten years, the defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Assistant Attorney General T. Buie Costen for the State.*

*Hatfield, Allman and Hall by Roy G. Hall, Jr., and James W. Armentrout for defendant appellant.*

HEDRICK, Judge.

[1, 2]  Assignments of error one and eight present the question of whether the allegation in the bill of indictment properly laid the ownership of the subject of the larceny, $20,100, in the "estate of W. M. Jessup, deceased." A proper bill of indictment for larceny must allege the ownership of the property stolen. *State v. McKoy,* 265 N.C. 380, 144 S.E. 2d 46 (1965) ; 5 Strong, N. C. Index 2d, Larceny, § 4.

[3]  Personal property is said to vest in the executor or administrator upon the decedent's death. *Spivey v. Godfrey,* 258 N.C. 676, 129 S.E. 2d 253 (1963) ; *Allen v. Currie, Commissioner of Revenue,* 254 N.C. 636, 119 S.E. 2d 917 (1961). Obviously, title does not remain in the deceased since a deceased person cannot own property *(Lawson v. State,* 68 Ga. App. 830, 24 S.E. 2d 326 (1943)), nor do the heirs or legatees own or have any right to the possession of the personal property until the estate is administered. *Spivey v. Godfrey, supra;* 1 Wiggins, North Carolina Wills, Executors and Administrators, § 215.

[2]  It has been held that ownership should be laid in the executor or administrator, even though the theft occurred before his qualification or appointment. *Nelson v. People,* 111 Colo. 434,

142 P. 2d 388; *Lawson v. State, supra.* We hold that when the larceny occurs after the death, but before a personal representative is appointed or qualified, then it is proper to allege title or ownership in the estate of the decedent. *Edwards v. State,* 162 Tex. Cr. 390, 286 S.W. 2d 157 (1956). Otherwise, there is a hiatus in the law where thieves might work their mischief with impunity.

[4] There is sufficient evidence in this record from which it may be inferred that W. M. Jessup owned and kept in the packhouse near his residence more than $20,000 in one hundred dollar bills, and that the defendant stole the money after his father's death in the early morning of 12 October 1967. The court correctly denied the defendant's motion for judgment as of nonsuit and his motion in arrest of judgment.

[5] Assignments of error three, four and five raise the question of whether the court committed prejudicial error in allowing the highway patrolman to testify in the presence of the jury that he stopped the defendant approximately eleven months after the larceny and charged him with driving an automobile while under the influence of an intoxicant, and that he searched the car and found 201 one hundred dollar bills. The defendant does not challenge the validity of the search, nor does he contend that the evidence regarding the 201 one hundred dollar bills was the fruit of an illegal search. The defendant argues that the court committed prejudicial error by not having the officer examined in the absence of the jury concerning the facts connected with the search. The defendant objected generally to the testimony of the officer. We are cited by the defendant to recent decisions in which it is held that a *voir dire* is "proper procedure" to determine if the fruits of a questionable search may be admitted. *State v. Basden,* 8 N.C. App. 401, 174 S.E. 2d 613 (1970); *State v. Fowler,* 3 N.C. App. 17, 164 S.E. 2d 14 (1968). Conceding that a *voir dire* would have been proper procedure in the instant case, we do not think that the failure to conduct such an examination in the absence of the jury was in and of itself prejudicial. Whether it was error for the court not to have conducted an examination of the officer in the absence of the jury is determined by whether the jury was permitted to hear incompetent and prejudicial testimony while the court was determining the validity of the search.

The defendant argues that he was prejudiced by the court's allowing the officer to testify that he stopped and arrested the defendant for driving under the influence, and that he searched the automobile in reference to a robbery that had occurred a few days earlier. Obviously, any prejudicial effect of the officer's testimony concerning another robbery was removed by his further testimony that the money found in the defendant's glove compartment was returned to him. The testimony regarding the fact that the defendant was arrested and charged with driving under the influence was the result of the officer's explaining why he stopped the defendant.

> "Where there is abundant evidence to support the main contentions of the State, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result." 3 Strong, N. C. Index 2d, Criminal Law, § 169, p. 135. See also *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969); *State v. Brown*, 1 N.C. App. 145, 160 S.E. 2d 508 (1968).

Therefore, considering all of the evidence against the defendant, including his statements to his mother, we hold that the defendant has failed to show that he was prejudiced in any manner by the court's allowing the officer to testify in the presence of the jury as to facts connected with his search of the defendant's automobile.

[6] The defendant contends by assignments of error two and nine that the evidence that the defendant had in his possession 201 one hundred dollar bills eleven months after the date of the alleged larceny was not relevant, since the money was not identified as being the same money allegedly stolen from the packhouse, and that the court committed prejudicial error in its instructions to the jury regarding this evidence. We hold that the evidence was relevant and properly admitted as a circumstance to be considered in connection with other evidence tending to show that the deceased kept more than $20,000 in one hundred dollar bills in his packhouse; that the defendant was a part-time tobacco farmer and laborer; that the defendant admitted to his mother that he had the money; that after his father's death the defendant acquired a new pickup truck, a

new automobile, refrigerator, washing machine, lawnmower, freezer and television. The court correctly instructed the jury that evidence that the defendant had in his possession eleven months after his father's death $20,100 in one hundred dollar bills was a circumstance to be considered along with all of the other evidence.

All of the defendant's assignments of error have been carefully considered by this Court. We hold that the defendant's trial in the superior court was free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.