ELIZABETH G. HAYWOOD, Executrix, v. E. BURKE HAYWOOD, Executor.

*Practice—Creditors' Bill—Superior and Probate Courts—Concurrent Jurisdiction.*

1. Where an action in the nature of a creditor's bill was brought by the plaintiff (a creditor of defendant's testatrix) to the Superior Court at term time, under § 6, ch. 241, Laws 1876-7, and after the institution of the action the defendant commenced a special proceeding in the Probate Court for a sale of the land of his testatrix for assets ; *It was held,* that the Superior Court had acquired jurisdiction of the matter, and that the defendant should be restrained from further proceedings in the Probate Court.

2. Under Bat. Rev. ch. 45, § 73 and Laws 1876-7, ch. 241 § 6, there is not a conflict of jurisdiction between the Probate and Superior Courts in regard to the settlement of estates but the jurisdiction is concurrent.

3. When there are Courts of equal and concurrent jurisdiction, that Court possesses the case in which jurisdiction first attaches.

(BYNUM and RODMAN JJ. *Dissenting.*)

(*Childs* v. *Martin*, 69 N. C. 126, cited and approved by the Court, and *Ballard* v. *Kilpatrick*, 71 N. C. 281, by BYNUM, J. in the dissenting opinion.)

CIVIL ACTION, in the nature of a Creditor's Bill brought by a creditor of the estate of defendant's testatrix, and heard, upon a motion by plaintiff for an injunction to restrain proceedings in a special proceeding brought by the defendant in the Probate Court for a sale of his testatrix real estate to make assets, at Spring Term, 1878, of WAKE Superior Court, before *Seymour, J.*

His Honor decided that the action was prematurely brought by plaintiff, and denied the motion for the injunction, and the plaintiff appealed.

*Messrs. E. G. Haywood, Merrimon, Fuller & Ashe, J. B. Batchelor* and *A. W. Tourgee,* for plaintiff.
*Messrs. D. G. Fowle, Gilliam & Gatling, Battle & Mordecai, R. C. Badger* and *A. W. Haywood,* for defendant.

FAIRCLOTH, J. This is an action by the plaintiff as a creditor of defendant's testatrix, and in behalf of all other such creditors, brought to the Superior Court at term time praying for the necessary accounts, sale of lands, and for the payment of the assets to the said creditors according to their several amounts and rights, &c. After this action was in progress and defendants had entered their appearance, the defendant executor filed his petition in the Probate Court for the sale of the real estate of his testatrix for assets, and thereupon and upon notice the plaintiff moved for an order restraining further proceedings in the Probate Court, which was refused by His Honor. This we think was error.

The plaintiff is proceeding under the act of 1876–'77, ch. 241, § 6, which provides: "That in addition to the remedy by special proceeding as now provided by law, actions against executors, administrators, collectors and guardians may be brought originally to the Superior Court at term time, and in all such cases it shall be competent to the

Court in which said actions shall be pending to order an account to be taken by such person or persons as said Court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief as the nature of the case may require."

§ 7. "That all laws and clauses of laws coming in conflict with the provisions of this act be and the same are hereby repealed."

The defendant claims the right to administer the estate in the Probate Court alone by special proceeding under the act, Bat. Rev. ch. 45, § 73. These acts, in our view, do not present an instance of a conflict, but of concurrent jurisdiction. The latter act instituted a new mode of settling the estates of deceased persons and was a necessary consequence of that excellent provision of our law requiring creditors to be paid *pro rata*.

The former act (1876–'77) does not necessarily change the mode of administering the estate materially, but only permits it to be done in another Court. "The rule is, where there are Courts of equal and concurrent jurisdiction, the Court possesses the case in which jurisdiction first attaches." *Childs* v. *Martin*, 69 N. C., 126, where an inconvenience of a different rule is forcibly put by PEARSON, C. J. The wisdom of giving different Courts concurrent jurisdiction over the estates of deceased persons, is not for our consideration. It is our duty to declare the law as we find it written.

There is error in the interlocutory order appealed from.

BYNUM, J., *Dissenting.* The unwisdom of the act of 1876–'77, under which this action was instituted, must be self-evident and apparent to all. Confessedly, every relief to which the plaintiff may be entitled in this Court is equally and more speedily attainable in the Court of Probate. The plaintiff in this Court can place herself on no higher ground

than as a creditor in a creditor's bill ; for in *Ballard* v. *Kilpatrick*, 71 N. C. 281, it is held that every. action brought in the Probate Court to recover a debt against an administrator, is necessarily a creditor's bill, as all the creditors must be brought in and their claims ascertained before any judgment for the payment of any one can be given. As the latter Court is always open, and the Judge upon the spot, while the action in the Superior Court can only be brought in term time, and the Judge is only then present, it is evident that the Probate Court in which the inventory and other records pertaining to the estate are filed, affords superior facilities for adjusting the rights. of creditors and others in the settlement of estates. Under the law now, executors and administrators can make no preference in the payment of debts, the statute designating the order in which they shall be paid ; *Hence*, the plaintiff's action, so far as it seeks to contest the validity of certain judgments, (its only professed purpose,) is unnecessary, inasmuch as the same contest can be made with more speed and the same certainty of result in the Court of Probate. But this action, if sustained, does impair and I think infringe upon the exclusive jurisdiction of the Probate Court ; for the Superior Court has no power conferred upon it by the act, certainly no express power to decree a sale of a decedent's lands to make assets for the payments of debts.

Before lands can be sold for assets, the *executor, administrator* or *collector* only, must apply to the Court of Probate by petition, *verified by oath*, setting forth the statutory causes for the sale, and the decree of sale must be made by that Court. Bat. Rev., ch. 45, §§ 61, 62.

The Superior Court, therefore, having no jurisdiction to hear the petition and decree a sale, it was competent and proper, and no infringement of any jurisdiction of the Superior Court acquired by the action pending in it, if any could be thus acquired, for the executor to file a petition for

the sale of the land in the Court certainly having jurisdiction, and according to the express provisions of the statute. The rightful jurisdiction of a Court ought not to be ousted by implication from an improvident and carelessly drawn statute, when such a construction can but lead to confusion and mischief. Nor is such a mischievous construction of the statute necessary to carry out the probable intent of its authors. I have no idea that it was any part of such intent to interfere with the executor's duty to reduce the estate into possession, and convert it into cash for the payment of debts. Yet such obstruction is the precise object and effect of the present action. Nor do I think it was a purpose of the act to authorize an action against an executor for a settlement of the estate before he has reduced, or had an opportunity to reduce, the land into money and place himself in a condition to pay debts or make settlement of the estate. The action is premature,—as much so as would be an action on a bond before it fell due. Could creditors maintain such an action in the Court of Probate, begun the next day after administration granted? Certainly not. Then where is the limit?

This action was begun within four months from the grant of letters testamentary, without notice, demand, or warning to the executor. Hereafter jurisdiction will be a race to the swift. Unless the executor or administrator shall file his petition for the sale of the land on the day of administration, right or wrong, he may be taken by the heels and lose both the jurisdiction and the administration after regularly obtaining it, by an enemy lying in ambush. It is idle to say that the Superior Court *may* appoint the executor to make the sale and fulfill the trusts of the will. The executor claims administration as a matter of right by the appointment of the testator, and the question is,—*can* he be deprived of it without any default? The Superior Court in

its discretion *may* appoint another as commissioner, to make sale and settlement under its discretion, and that yields the question. This brings us up to the main question before hinted at,—*when* can the creditor maintain such an action as this, if at all, in the Superior Court, under this act? I think it clear that such action can be maintained only in those cases and at those times, that a similar action could have been instituted in the Court of Probate, (by Bat. Rev., ch. 45, § 73 et seq,) not under twelve months from the date of administration, in analogy to the length of credit usually given upon administration sales, and the time usually required to collect the assets by actions at law. This I think should be the rule subject to exceptions arising out of special circumstances. For instance, one exception authorizing a speedier action would be, where the plaintiff could allege that the executor has funds which he is about to misapply, or threatens to misapply, or is about to do any other act in derogation of the rights of the plaintiff. Nothing of the kind is alleged here. The executor has no fund in hand applicable to debts, and has neither threatened nor proposed to apply them when received, in any other than the regular course of administration.

The injunction to my mind is clearly erroneous, to the extent that it enjoins the sale of the land. Both parties desire and pray for such sale. The only apprehension of the plaintiff is that the *fund* when received would be misapplied. That danger would be sufficiently guarded against by modifying the injunction so as to forbid the disbursement of the proceeds of sale when collected, except under the order and direction of the Court. This is upon the supposition that the Court has jurisdiction, and the plaintiff a right of action, which, for the reasons I have given, I deny. I therefore dissent from the judgment of the Court, and am of

opinion that the judgment of the Court below dismissing the action, should be affirmed.

Rodman, J., concurs in this opinion.

Error.

Per Curiam.                                    Judgment reversed.