### JONES v. SUGG.

(Filed October 4, 1904).

1. EXECUTORS AND ADMINISTRATORS — *Pleas at Law — References—Accounts.*

In an action by heirs against an administrator for an account and settlement, an answer by him that a final settlement had been filed is not a plea in bar, and a reference may be made.

2. REFERENCES—*Appeal—Executors and Administrators—Accounts.*

The refusal of a motion to refer a proceeding to compel a personal representative to file a final account and settlement is appealable.

ACTION by Alice Jones and others against J. T. Sugg and others, heard by *Judge M. H. Justice,* at February Term, 1904, of the Superior Court of GREENE County. From a judgment for the defendant the plaintiff appealed.

*G. M. Lindsay,* for the plaintiffs.
*Jarvis & Blow* and *Shepherd & Shepherd,* for the defendants.

MONTGOMERY, J.    This action was brought for an account and settlement of the estate of J. H. Freeman, deceased. A motion was made by the plaintiffs in the following words: "To refer the action for an accounting as

against J. A. Albritton, executor of John Sugg, former ad-
ministrator d. b. n. c. t. a. of John H. Freeman, and the
sureties on his official bond, as to his administration and
dealings with the personal estate of John H. Freeman, upon
the pleadings on the ground that the answers set out no valid
plea in bar of an acounting."

It is clear from the record that the motion was denied
for the reason that his Honor thought the answer filed by
Albritton, administrator, was in law a plea in bar to the
action; and the only question involved in this appeal is
whether or not the answer was a plea in bar. The answer
in substance was that John Sugg, the testator of Albritton,
and the administrator d. b. n. c. t. a. of John H. Freeman,
had filed his final account with the estate of Freeman with
the clerk of the Superior Court. The filing of such an ac-
count was purely *ex-parte* and was not a plea in bar to the
action. That fact might have been admitted by the plain-
tiffs or it might have been proved on the trial, and yet the
plaintiffs would not have been estopped. They could still
have had the account inquired into. The account as filed
was only *prima facie* correct. The denial of the motion was
appealable. It involved a substantial right of the plaintiffs,
appellants. *Royster v. Wright,* 118 N. C., 152. Both mat-
ters are so fully discussed in the last-cited case and in
*Comrs. v. White,* 123 N. C., 534, that we need not pursue
the subject. The motion should have been allowed.

Error.