## J. H. LEROY v. DR. JOHN SALIBA.

(Filed 14 September, 1921.)

**Appeal and Error—Fragmentary Appeals—Partnership—Reference.**

> Where the jury has found in the affirmative upon the issue of partnership, an appeal from an order of reference by the court for the taking of an account of the partnership's receipts and expenses necessary for the information of the court is fragmentary, and will be dismissed by the court *ex mero motu.*

APPEAL by defendant from *Allen, J.,* at January Term, 1921, of PASQUOTANK.

Upon the issue whether the plaintiff and defendant entered into a contract of partnership, as alleged in the complaint, the jury answered "Yes," and it appearing to the court that the taking of an account of the partnership receipts and expenses was necessary for the information of the court, such reference is ordered, and the defendant appealed.

*Ehringhaus & Small, Thompson & Wilson, and Meekins & McMullan for plaintiff.*

*T. J. Markham and Aydlett & Simpson for defendant.*

PER CURIAM. The jury having found that the partnership existed, an appeal from the order of reference before judgment upon the report thereon is premature and fragmentary, and must be dismissed by the court *ex mero motu.* The defendant should have noted his exception and upon the coming in of the report and exceptions thereto should have brought up his appeal from the final judgment. No appeal lay at this stage. C. S., 573 (2), and cases there cited.

In *Blackwell v. McCaine,* 105 N. C., 460, the Court said: "Many cases decide that an appeal does not lie at once from an interlocutory judgment or order, unless it puts an end to the action or may destroy or impair a substantial right of the complaining party to delay his appeal until the final judgment. He must assign error or except, and have the same noted in the record and bring the whole up by an appeal from the final judgment." See, also, citations to that case in the Anno. Ed., especially *Shankle v. Whitley,* 131 N. C., 168.

The practice is thus stated nowhere more clearly than by *Hoke, J.,* in *Jones v. Wooten,* 137 N. C., 425: "Where a plea in bar is overruled or sustained as a matter of law by the judge, it is optional with the party to take an appeal at once or preserve his rights by having an exception noted. Where, however, the issues are tried by a jury, and the right to an account is established by a verdict, and an order of reference is made, it is proper to proceed with the reference, and an appeal can be taken only from a final judgment after report."

Appeal dismissed.