THE DAYTON RUBBER MANUFACTURING COMPANY v. P. W. HORN AND J. A. NEWELL.

(Filed 21 December, 1932.)

**Reference A a—Order for compulsory reference is affirmed in this case.**

An order for a compulsory reference of an action involving a course of dealing between the parties for a substantial period and containing a statement of account in excess of two hundred and fifty items is affirmed under the provisions of C. S., 573, the answer filed by the defendant not constituting a plea in bar in that it does not destroy or defeat the entire claim or demand.

CIVIL ACTION, before *Cowper, Special J.,* at September Term, 1932, of MECKLENBURG.

The plaintiff alleged that it sold and delivered, at various times, tires, tubes, and advertising materials to the defendant, Horn, and that the defendant, Newell, is liable for the payment of said amount by reason of a contract of guaranty executed by said Horn and Newell, dated 19 November, 1930. The amount claimed to be due was $4,772.31, and attached to the complaint was an itemized statement of the account running from September, 1930, to July, 1931. Newell filed an answer admitting that he executed the guaranty agreement, but alleged that the plaintiff was indebted to Horn in a sum greatly in excess of the amount claimed by the plaintiff. Horn filed an answer admitting that he purchased tires, tubes, and advertising materials from the plaintiff between 19 November, 1930, and February, 1931, but he set up counterclaims against the plaintiff, alleging in substance that there were three contracts between the parties, and that the plaintiff had breached these contracts, resulting in damage aggregating $26,671.42. The plaintiff filed a reply to the counterclaims, admitting the signing of a letter, dated 3 October, 1928, attached to Horn's answer, and of other letters and agreements dated 12 March, 1929, 14 April, 1930, and 17 July, 1930, with reference to the transactions between the parties.

When the cause came on for hearing the trial judge referred the action to Hon. C. D. Talliaferro "to report the evidence and his findings of fact and law to this court as provided by statute." The defendants excepted and appealed.

*Tillett, Tillett & Kennedy and F. Grainger Pierce for plaintiff.*
*Cochran & McCleneghan and W. C. Davis for defendants.*

BROGDEN, J.   The defendants assert that the trial judge had no power to order a compulsory reference by virtue of C. S., 573, for that:

(a) The reply constituted a plea in bar.

(b) The account was not long or complicated.

The pleadings disclosed a course of dealing between the parties for a substantial period.   These transactions involve many items, and, while the methods of doing business and of computing the profit or compensation of plaintiff were changed from time to time, the course of dealing was practically continuous.   Consequently, the action, in its essential features, involved an accounting.   There is no plea in bar, which pulls up the case by the roots, and this is necessary, for the reason that such plea must destroy or defeat the entire claim or demand.   *Bank v. Evans,* 191 N. C., 535, 132 S. E., 563; *Bank v. McCormick,* 192 N. C., 42, 133 S. E., 183.

The statute empowers a trial judge to order a compulsory reference in cases requiring "the examination of a long account on either side." The statement of account constitutes approximately twenty pages of the record, made up of thirty invoices, containing in excess of two hundred and fifty items.   There is no statutory or judicial definition of a "long account."   Indeed, the expression is perhaps less complicated than any definition thereof.   Obviously a correct conclusion as to whether an account was "long" would depend upon the facts and circumstances of a given case.   The tendency of Appellate Courts generally is to construe liberally the Reference Statute, and the Court is of the opinion that the account in controversy was correctly classified by the trial judge.

Affirmed.