HELEN CRUTCHFIELD RUDISILL, DELLA MAE TROTTER KERNODLE,
AND EUGENE G. SHAW, ADMINISTRATOR, C.T.A., D.B.N., OF THE ESTATE OF
J. M. CRUTCHFIELD v. LAWRENCE T. HOYLE, EXECUTOR OF THE
ESTATE OF PEARL TROTTER CRUTCHFIELD AND GUILFORD NA-
TIONAL BANK OF GREENSBORO, TRUSTEE UNDER THE WILL OF
PEARL T. CRUTCHFIELD.

(Filed 3 February, 1961.)

**1. Executors and Administrators § 36—**

In an action by an administrator, c.t.a., d.b.n., against the personal
representative of the deceased executrix to recover assets of the estate,
the demurrer of an additional defendant, upon failure of allegation that
such additional defendant had ever received or accepted any funds of
the estate from the executrix, is properly allowed.

**2. Same—**

Where an executrix, who is also a beneficiary under the will, dies with-
out filing a final account, an action by the administrator, c.t.a., d.b.n.,
against the personal representative of the deceased executrix, alleging
that the executrix squandered and misapplied a large part of the estate,
failed to properly account therefor, and filed no final accounting, is in
the nature of an action to surcharge and falsify the account, and the
Superior Court has concurrent original jurisdiction with the clerk. G.S.
28-147.

**3. Pleadings § 13—**

After answer has been filed, a demurrer on the ground of misjoinder
of parties and causes of action cannot be considered unless the answer
is withdrawn by leave of court.

**4. Pleadings § 18—**

Objection on the ground of misjoinder of parties and causes of action
or on the ground of defect of parties must be raised by demurrer, and
an attempt to raise the question in the prayer for relief contained in the
answer may be disregarded.

**5. Same: Executors and Administrators § 36—**

Allegations to the effect that the executrix of the estate, who was also
a beneficiary, squandered and misapplied the assets of the estate and
died without making final settlement and that the executrix, as bene-
ficiary under the will, did not take the property of the estate absolutely

. ·. or in fee, with demand for accounting, states but a single cause of action, a construction of the will being necessary solely to determine whether an accounting is necessary and, if so, the course and extent of the accounting

**6. Pleadings § 12—**

Upon demurrer, a pleading will be liberally construed with a view to substantial justice between the parties. G.S. 1-151.

**7. Executors and Administrators § 36—**

An action against the personal representative of a deceased executrix upon allegations that the executrix had squandered and misapplied the assets of the estate and had failed to file a final account, is properly brought by the administrator, c.t.a., d.b.n., and while the ultimate beneficiaries of the estate are not necessary parties, they are proper parties, and their joinder is not a defect.

**8. Same—**

Where, in an action by an administrator, c.t.a., d.b.n., against the personal representative of the deceased executrix of the estate, upon allegations that the executrix had squandered and misapplied assets of the estate, there is no demand against the executrix' transferees, such transferees are not necessary parties, even though the transfer was attempted by the will of the executrix.

**9. Same: Wills § 39—**

Ordinarily the court will not construe a will on demurrer, but in an action by an administrator, c.t.a., d.b.n., against the personal representative of the deceased executrix alleging that the executrix had misapplied the funds of the estate with demand for accounting, and alleging that the executrix as beneficiary did not take property of the estate absolutely or in fee, a construction of the will is necessary to determine whether an accounting is necessary, and upon demurrer the court must construe the will in order to proceed in the action.

**10. Wills §§ 33a, 33f, 33g—**

As a general rule, a general devise or bequest to a named person, with power of disposition, transfers the property in fee or absolutely, and a subsequent limitation over to another of "whatever is left" will be held void as repugnant to the absolute gift.

**11. Same—**

The will in suit devised and bequeathed all property of the estate to testator's wife "for and during the term of her natural life" with power to the wife to sell any portion of the property if in her opinion it was necessary for her proper support and maintenance, with limitation over to beneficiaries of the property remaining unused or unconsumed at the time of the wife's death. *Held:* The wife took a life estate only in the property, and the power to dispose of any or all of the property was limited to the purpose of support and maintenance, and the ultimate beneficiaries took a vested remainder in any of the property undisposed of by the beneficiary during her lifetime.

**12. Executors and Administrators § 36:    Reference § 3—**

In an action against a personal representative for an accounting, the trial court has authority to order a compulsory reference, a long and complicated account being involved. G.S. 1-189(1), G.S. 28-147.

**13. Appeal and Error § 3—**

An appeal from an order of compulsory reference in a case within the purview of the reference statute is premature and fragmentary, and must be dismissed.

**14. Reference § 4—**

Where pleas in bar to plaintiff's demand for an accounting are determined adversely to defendant upon defendant's demurrer, the court may proceed to order a compulsory reference, notwithstandng defendant's plea that he had made a final settlement, since this is not a plea in bar preventing a compulsory reference.

On *certiorari* from *Preyer, J.,* May 30, 1960 Term of GUILFORD.

This is an action instituted by plaintiffs Rudisill and Kernodle, claiming as devisees and legatees under the will of J. M. Crutchfield, and plaintiff Shaw, administrator D.B.N., c.t.a, of the J. M. Crutchfield estate, against defendant Hoyle, executor of the will of Pearl T. Crutchfield, and defendant Bank, trustee under the will of Pearl T. Crutchfield, for a construction of the will of J. M. Crutchfield and for an accounting. The action was commenced 5 January 1959.

The complaint is in substance as follows (numbering ours):

(1). J. M. Crutchfield, a resident of Guilford County, died testate 3 June 1945. His will, dated 26 May 1945, was admitted to probate 9 June 1945 in Guilford County.

(2). The will of J. M. Crutchfield follows — only material parts are given verbatim:

I. Provision made for payment of debts, funeral expenses and costs of administration.

"II. After the payment of the sums provided for in Item One, I give, devise and bequeath all the residue of my property of every sort, kind and nature, both real and personal, to my beloved wife, Pearl T. Crutchfield, for and during the term of her natural life, giving and granting to my said wife the power to sell any and all of my real estate, at her discretion, without the joinder of any other person, if in her opinion, the sale of same should be necessary for her proper support and maintenance; she to be the sole judge of the necessity of such sale; and upon such sale to execute to the purchaser, or purchasers, deed or deeds conveying the premises sold in fee simple, and my said wife shall have the right to use the proceeds of sales as seems best to her.

"III. I give, devise and bequeath in equal shares to my adopted daughter, Helen Rudisill, wife of T. R. Rudisill, and to my wife's niece, Della Mae Trotter Kernodle, wife of John F. Kernodle, a vested remainder in fee simple in and to all of my property of every kind and nature, remaining unused or unconsumed, or converted into other property at the time of her death."

IV. Authority given Pearl T. Crutchfield to lease real estate "for such term of years as to her seems proper, even though such term of years should extend beyond her natural life."

V. Pearl T. Crutchfield is appointed executrix and granted authority "for the purpose of settling . . . estate . . . to sell any property, and to do any act which, in her opinion, is for the best interest of . . . estate."

(3). Pearl T. Crutchfield qualified as executrix on 11 June 1945 and filed inventory 9 November 1945 showing: Personal property, $44,193.48; 6 parcels of real estate, $141,300.00; and claims filed against the estate, $35,698.24 — all having been paid except an item of $12,091.73.

(4). Executrix filed an annual account 24 January 1947 showing receipts, $71,456.85 and numerous disbursements. This account was not audited and approved by the Clerk of Superior Court. No final account has ever been filed.

(5). Pearl T. Crutchfield died 11 March 1958 leaving a will and codicil thereto. These were admitted to probate as her last will and testament 18 March 1958. Lawrence T. Hoyle was named executor and qualified as such 19 March 1958. The will purported to set up a trust and named the Guilford National Bank as trustee. Hoyle, executor, filed an inventory showing: Personal property, $18,074.01, and real property, $39,125.00. The real property is worth much more.

(6). On 9 July 1958 Eugene G. Shaw qualified as administrator D.B.N., c.t.a., of the J. M. Crutchfield estate. On 14 October 1958 he requested Hoyle, executor, to file a final account of the J. M. Crutchfield estate, which had never been closed. Hoyle, executor, filed a purported account 23 October 1958 showing only the following assets remaining in the J. M. Crutchfield estate: note of John R. Taylor and accured interest, $1531.25, and bank balance, $40.28.

(7). Pearl T. Crutchfield occupied a fiduciary position with respect to the property of the J. M. Crutchfield estate. She should have filed a final account "at the expiration of two years from the date of her qualification as provided by . . . (G.S. 28-121) and she should thereafter have held said property and funds as trustee for" herself and the individual plaintiffs, Rudisill and Kernodle.

(8). Pearl T. Crutchfield deposited funds of the estate in her personal account and expended them without regard to the rights of the individual plaintiffs. Over a ten-year period she deposited a total of $214,906.66. Practically all of these deposits were from rents and property of the J. M. Crutchfield estate. Instead of limiting the use of the funds to her necessary support and maintenance, she squandered and gave away a large part of the estate without the knowledge or consent of the individual plaintiffs. She contrived to get title in her own name to a one-half interest in lands belonging to the estate, sold the property for $30,000.00 and failed to account for the proceeds. She made a $3,000.00 loan to a nephew and it was secured by a deed of trust; she later discharged the debt and cancelled the deed of trust without receiving payment. Many small loans and gifts were made to friends and relatives — there has been no accounting therefor. She gave $2,566.74 to the Rehobeth Church and made a loan to John Taylor in the sum of $13,260.87 secured by second mortgages on G. I. houses.

(9). J. M. Crutchfield intended to give his property to Pearl T. Crutchfield "for the term of her natural life." Her power of disposal "was limited to such disposition as was necessary for her proper support and maintenance." Upon her death the remainder became the property of the individual plaintiffs.

Plaintiffs pray for construction of the will, an accounting, judgment for the amount due, and a reference of the cause for purpose of accounting.

There are numerous pleadings including answers, replies, further answers and demurrers.

Hoyle, executor, demurred on the grounds that the court has no jurisdiction of the cause of action, there is a misjoinder of parties and causes, and the complaint does not allege facts sufficient to constitute a cause of action.

Bank, trustee, demurred *ore tenus* on the ground that the complaint does not allege facts sufficient to state a cause of action against it.

The cause came on for hearing upon the demurrers at term 9 June 1960 and was heard. It was agreed that judgment might be entered either in or out of term.

Judgments were filed 3 August 1960.

The demurrer *ore tenus* of Bank, trustee, was sustained, and it was provided "that the plaintiffs have thirty (30) days to amend their complaint as against said bank, if they so desire."

As to the demurrer of Hoyle, executor, the judgment is, in part, as follows:

". . . (T)he Court is of the opinion, and so rules:

"(1) That this Court has jurisdiction of the above entitled action; (II) that there is no misjoinder of parties or causes; (III) that the will of J. M. Crutchfield granted a life estate only to Pearl Trotter Crutchfield and not a fee simple estate, and that the powers granted to her in said will (did) not enlarge her life estate to a fee simple estate and did not confer upon her an unlimited power to dispose of property belonging to said estate or the income therefrom; that the devise and bequest to said Pearl T. Crutchfield was not unlimited, but limited to her for life and such life tenant, notwithstanding her extensive powers of beneficial use, occupied a fiduciary relationship with the plaintiff remaindermen with respect to the estate of the said J. M. Crutchfield with the duty to maintain for said remaindermen so much thereof as was not required for her support and maintenance;

"NOW, THEREFORE, IT IS ORDERED that the demurrer of the defendant, Lawrence T. Hoyle, be and the same is hereby overruled and his prayer for dismissal of the action is denied."

The court also ordered that the cause be referred for the taking of evidence and stating the account, and Charles T. Boyd was named referee.

Hoyle, trustee, filed exceptions and petitioned the Supreme Court for *certiorari*. The petition was granted 6 September 1960.

*Sapp & Sapp for Lawrence T. Hoyle, Executor, appellant.*

*Eugene G. Shaw and Frazier & Frazier for plaintiffs, appellees.*

*Chas. M. Ivey, Jr., for Guilford National Bank of Greensboro, Trustee, appellee.*

MOORE, J. The record does not disclose that plaintiffs excepted to the judgment sustaining the demurrer *ore tenus* of defendant Bank. We do not understand that this ruling is prejudicial to defendant Hoyle. So the correctness of that judgment is not before us. However, a brief comment seems appropriate. The complaint does not allege that the Bank ever received or accepted any money or other property pursuant to the purported trust, nor that the Bank as trustee has in its possession or under its control any of the assets of the J. M. Crutchfield estate. Upon the present state of the record it would appear that the demurrer *ore tenus* was properly sustained and the rights of plaintiffs preserved by permission given to amend the complaint as against the Bank, trustee, should they be so advised. Defendant Hoyle's as-

signments of error will be considered on the basis that the Bank, trustee, is not a party to the action.

Defendant Hoyle, executor (hereinafter referred to as defendant), contends that the superior court has no jurisdiction of the cause of action for that "the jurisdiction of the subject matter is in the Probate Court." We do not agree.

In final analysis this is an action for an accounting and settlement of the J. M. Crutchfield estate and is in the nature of a bill in equity to surcharge and falsify such accounts as were filed. *Thigpen v. Trust Co.*, 203 N.C. 291, 165 S.E. 720. G.S. 28-147 provides: "In addition to the remedy by special proceedings, actions against executors, administrators, collectors and guardians may be brought originally to the superior court at term time; and in all cases it is competent for the court in which said actions are pending to order an account to be taken by such person or persons as said court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief, as the nature of the case may require."

"Construing this statute (G.S. 28-147), which originated as section 6, Chapter 241, Act of 1876-77, there are numerous decisions relating to administration of estates in which it is held that the superior court is therein given concurrent jurisdiction with the probate courts, that is, clerks of Superior Court in actions of class mentioned in the statute. See *Haywood v. Haywood*, 79 N.C. 42; . . . *Leach v. Page*, 211 N.C. 622, 191 S.E. 349; *Gurganus v. McLawhorn*, 212 N.C. 397, 193 S.E. 844; (and many other cases cited). . . . That the statute is not confined to actions pertaining to final settlement in the administration of estates is shown in the case of *Haywood v. Haywood, supra; Leach v. Page, supra; Gurganus v. McLawhorn, supra*." (Parentheses ours). *Casualty Co. v. Lawing*, 223 N.C. 8, 14, 25 S.E. 2d 183.

The authority of the Superior Court to entertain administration suits and for the settlement of estates is well recognized. Proceedings to compel a settlement may be begun before the Clerk or an action may be commenced in Superior Court. *Davis v. Davis*, 246 N.C. 307, 309, 98 S.E. 2d 318; *State v. Griggs*, 223 N.C. 279, 25 S.E. 2d 862; *In re Hege*, 205 N.C. 625, 172 S.E. 345. The Superior Court has jurisdiction of the instant cause of action.

Defendant further contends that there is a misjoinder of parties and causes of action.

Defendant filed answer in this cause 10 June 1959 and a further answer 21 July 1959. These pleadings have not been withdrawn. The demurrer was filed by defendant 6 June 1960. "Generally speaking, a demurrer may not be entertained after the answer is filed unless

by leave of court the answer is withdrawn, because a defendant is not permitted to answer and demur to one cause of action at the same time. (Citing cases). But this ruling does not apply when objection is entered to the jurisdiction of the court or to the complaint on the ground that it does not state facts sufficient to constitute a cause of action." *Cherry v. R. R.*, 185 N.C. 90, 91, 116 S.E. 192. See also G.S. 1-134; *McBryde v. Lumber Co.*, 246 N.C. 415, 419, 98 S.E. 2d 663; *Ezzell v. Merrill*, 224 N.C. 602, 606-7, 31 S.E. 2d 751.

Strictly speaking the question of misjoinder should be raised by demurrer. G.S. 1-127 and G.S. 1-133. Defendant attempts to raise the question in the prayer for relief contained in the answer. This does not require us to consider it, but we think a brief discussion may be in order.

The complaint states only one cause of action. It alleges in substance that J. M. Crutchfield by will devised and bequeathed to his wife, Pearl T. Crutchfield, a life estate in all his property, with remainder in fee to plaintiffs Rudisill and Kernodle, and appointed his wife executrix, that the executrix squandered and misapplied a large part of the estate, failed to properly account therefor, filed no final accounting, and died without closing the estate. A construction of the will is necessary to determine whether plaintiffs are entitled to an accounting and, if so, the course and extent of the accounting. The will is the basis of the rights, if any, of plaintiffs to an accounting and judgment, and not a matter distinct from the settlement of the estate. In determining the effect of a pleading its allegations are to be liberally construed with a view to substantial justice between the parties. G.S. 1-151.

Plaintiffs allege that Pearl T. Crutchfield, executrix of the estate of J. M. Crutchfield, squandered and misapplied the assets of the estate, that she died without having settled the estate, and that the estate has not been closed. "Upon the death of an administrator, the administrator d.b.n. should bring an action for an accounting against the administrator of the deceased administrator, and upon his refusal to do so, the next of kin may do so." Strong: N. C. Index, Vol. 2, Executors and Administrators, s. 32, p. 346.

In *Snipes v. Estates Administration, Inc.*, 223 N.C. 777, 28 S.E. 2d 495, it was alleged that the administrator of Bruce Snipes, deceased, misapplied funds belonging to the estate and died without making a proper final settlement. The next of kin of Bruce Snipes brought an action against the personal representative of the deceased administrator for an accounting and settlement. With leave of court they made the administrator d.b.n. of the Snipes estate a party de-

fendant. The defendants appealed from the refusal of the lower court to dismiss the action on the ground that it should have been instituted by the administrator d.b.n., and upon the further ground that the court granted the motion of plaintiffs to make the administrator d.b.n. a party defendant. This Court affirmed the rulings of the trial court and quoted from the opinion in *Merrill v. Merrill,* 92 N.C. 657, as follows: "It is well settled upon principle and authority, that the law does not vest the title to the property of a person who dies intestate in his next-of-kin, but in his administrator. If the administrator should die before he had completed the administration, the title to such property does not vest in his administrator, but in the administrator *de bonis non* of the first intestate, and so on indefinitely, until the estate in the hands of the first, or some subsequent administrator *de bonis non,* shall be completely settled and distributed according to law. The next-of-kin of the intestate, cannot proceed against the administrator of his deceased administrator for a settlement and their distributive shares; they must go against the administrator *de bonis non* of the intestate whose distributees they are, and plainly, because the title to the assets, in whatever shape to be distributed, is in him. . . . This action did not necessarily abate — they might have made the admnistrator *de bonis non* a party defendant; indeed, they ought to have done so, as he was the only person whom they could then properly sue — the law vested the title to the assets in him, and to him they must look for their distributive shares." The Court then said: "Consequently, under the facts disclosed on this record and in view of the character of the relief sought, it is proper but not mandatory that the administrator d.b.n. shall bring the action, but it is necessary for him to be a party to the action, either as the plaintiff or as a party defendant, in order to prevent a dismissal thereof. *Wilson v. Pearson,* 102 N.C., 290, 9 S.E., 707; *Hardy v. Miles,* 91 N.C., 131; *Lansdell v. Winstead,* 76 N.C., 366. The better, and more orderly, procedure is for the next of kin to bring such action only after the administrator d.b.n. has refused to do so. However, we are not advertent to any case, and the appellants cited none, where this Court had dismissed an action of this character brought by the next of kin, for lack of necessary parties, where the administrator d.b.n. was named a party defendant." The opinion concluded: ". . . (T)he order of the Court below refusing to dismiss the action and granting plaintiff's motion to make . . . administrator d.b.n. of the estate of Bruce Snipes, deceased, a party defendant, should be Affirmed."

An action to enforce the settlement and distribution of unadministered assets in the hands of a former administrator or executor must

be prosecuted by an administrator *de bonis non. Gilliam v. Watkins,* 104 N.C. 180, 10 S.E. 183. "An action to compel an executor to account and make settlement is necessarily a suit in the nature of a creditor's action. (Citing cases). Executors are jointly liable for maladministration. They are necessary parties. All others interested in the settlement of the estate — creditors of the testator, as well as his legatees and other beneficiaries of the estate — are at least proper parties and in some instances may be necessary parties." *Davis v. Davis, supra.*

It is clear that Shaw, administrator d.b.n., c.t.a., of the J. M. Crutchfield estate, and Hoyle, executor of the Pearl T. Crutchfield estate, are necessary parties in the instant case, and plaintiffs Rudisill and Kernodle are at least proper parties.

This action pertains to the estate of J. M. Crutchfield. The complaint makes reference to certain persons, not parties to the action, with whom Pearl T. Crutchfield had transactions, but no relief is asked against them. Upon the present state of plaintiffs' pleadings it does not appear that the devisees, legatees and beneficiaries under the will of Pearl T. Crutchfield are necessary parties to the action.

Defendant's demurrer on the grounds of misjoinder of parties and causes and defect of parties is overruled.

Defendant further contends that the complaint does not allege facts sufficient to constitute a cause of action. He insists that the will of J. M. Crutchfield grants to Pearl T. Crutchfield in fee simple all of the property of the testator, and that she was under no duty as executrix or otherwise to account to plaintiffs. On the other hand, plaintiffs assert that the will conferred upon her only a life estate in the property, with certain powers of disposition.

Ordinarily the Court will not construe a will on demurrer. But here the will must be interpreted and construed before further proceedings are possible. There is no contention that Exhibit "A" attached to the complaint is not a true and correct copy of the will of J. M. Crutchfield.

Defendant cites and discusses a long line of decisions in this and other jurisdictions in support of his interpretation of the will. He relies on what is sometimes referred to as the "rule of Kent." This rule has been stated as follows: "The general proposition . . . is that where the first taker is given either expressly or by implication, what is commonly designated as 'the absolute power of disposition,' and the terms of the devise, bequest, or conveyance to him are appropriate to carry the fee, or if personalty the analagous interest, he takes the property absolutely and an attempted limitation over of

anything remaining undisposed of, or of the whole property if undisposed of, is void." 17 A.L.R. 2d. Anno: Absolute Grant — Purported limitation, s. 5, p. 36.

This rule, in appropriate cases, has been consistently applied in this jurisdiction. *Andrews v. Andrews,* 253 N.C. 139, 143, 116 S.E. 2d 436, and cases there cited. The case most often referred to in defendant's brief is *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368. There the will devised property to A, B, C, and D to do with as they liked. There is no mention of a life estate. In a later item it is provided: "I wish that after . . . the death" of A, B, C, and D "whatever property there is left shall go to my niece . . . and her husband . . ." The Court said: "It is provided by G.S., 31-38, that when real estate is devised to any person, the same shall be held and construed a devise in fee simple, unless such devise shall, in plain and express language show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Elder v. Johnston,* 227 N.C. 592; *Early v. Tayloe,* 219 N.C. 363, 13 S.E. (2d), 609. Consequently an unrestricted or indefinite devise of real property is regarded as a devise in fee simple. *Heefner v. Thornton,* 216 N. C., 702, 6 S.E. (2d), 506; *Barco v. Owens,* 212 N.C., 30, 192 S.E., 862. And so, also, is a devise generally to one person with limitation over to another of 'whatever is left' at the death of the first taker. *Patrick v. Morehead,* 85 N.C., 62; *Carroll v. Herring,* 180 N.C., 369, 104 S.E. 892. In the case last cited, it is said: "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given.' . . ."

The provisions of the will of J. M. Crutchfield do not come within the rule relied on by defendant. The provisions of this will may be paraphrased as follows: To W for life; W to have power to convey any or all real estate in fee if in her opinion it is "necessary for her proper support and maintenance," she to have the right to use the proceeds "as seems best to her"; to R and K a vested remainder in fee simple in all property "remaining unused or unconsumed, or converted into other property" at W's death.

These provisions differ from the *Taylor* case, in that: (1) The terms of the devise and bequest to Pearl T. Crutchfield in the first instance are not appropriate to carry the fee — they limit the gift to a life estate; and (2) The power given Pearl T. Crutchfield to convey is not absolute, but is limited to the purpose of providing what is "necessary for her proper support and maintenance." It is true that she is

to be the judge of what is necessary and is unrestricted in the expenditure of the proceeds of the sales for the purpose of proper support and maintenance. Yet, Item II does not authorize any sale or expenditure of proceeds except for proper support and maintenance, according to the opinion and discretion of Pearl T. Crutchfield.

There was a will of similar purport in *Darden v. Boyette*, 247 N.C. 26, 100 S.E. 2d 359. The will granted to testator's wife "for and during her natural life" all property, with full power· to dispose of same by deed or will in fee simple. Such property as remained undisposed of at the wife's death was granted to testator's heirs at law *per stirpes*. In interpreting these provisions the Court said: "A life estate devised in clear and express words to testator's wife is not enlarged to a fee by power given to the life tenant to use the life estate in any way or manner she may see fit, where a remainder over is given by express words in the will of any of his property left undisposed of by his wife during her life, at her death, to his then heirs at law."

The facts are similar in *Hardee v. Rivers*, 228 N.C. 66, 44 S.E. 2d 476. There it is said: "The estate devised being specifically limited to the life of the devisee, the power of disposition does not enlarge the estate devised or convert it into a fee. (Citing cases). One is property, the other is power. Neither limits or enlarges the other." p. 68.

Another case of analagous factual situation is *Chewning v. Mason*, 158 N.C. 578, 74 S.E. 357. The Court reasoned as follows: "It has been held that a devise to A, with power to dispose at pleasure, is considered as conveying *property*, not as conferring *power;* for the words of power will not be permitted to take away what, without them, is expressly given. 2 Prest. on Est., 81, 82; 13 Ves., 453. But where there is an express and inconsistent estate for life given, the construction of the instrument is altogether different; for the express estate for life negatives the intention to give the absolute property, and converts these words into words of mere power, which, standing alone, would have been construed to convey an interest. . . . We may, therefore, take the rule to be settled that where lands are devised to one generally, and to be at his disposal, this is a fee in the devisee; but where they are devised to one expressly for life, and afterwards to be at his disposal, only an estate for life passes to the devisee, with a bare power to dispose of the fee. . . . ' . . . (b)y the overwhelming weight of authority, no fee results from the union of the life estate and the power, but both remain distinct, and the limitation over is good unless defeated by the exercise of the power by the life tenant.' Gardner on Wills, p. 476." pp. 581-582.

Accordant: *Andrews v. Andrews, supra; Voncannon v. Hudson Belk Co.,* 236 N.C. 709, 73 S.E. 2d 875; *Holland v. Smith,* 224 N. C. 255, 29 S.E. 2d 888; *Smith v. Mears,* 218 N.C. 193, 10 S.E. 2d 659; *Hampton v. West,* 212 N.C. 315, 193 S.E. 290; *Alexander v. Alexander,* 210 N.C. 281, 186 S.E. 319; *Helms v. Collins,* 200 N.C. 89, 156 S.E. 152; *Jones v. Fullbright,* 197 N.C. 274, 148 S.E. 229; *Cagle v. Hampton,* 196 N. C. 470, 146 S.E. 88; *Roberts v. Saunders,* 192 N.C. 191, 134 S.E. 451; *Darden v. Matthews,* 173 N.C. 186, 91 S.E. 835; *Mabry v. Brown,* 162 N.C. 217, 78 S.E. 78; *Herring v. Williams,* 158 N.C. 1, 73 S.E. 218.

It is our opinion that J. M. Crutchfield intended that his wife have only a life estate. The devise and bequest to her were stated in item II to be "for the term of her natural life." Further terms of the will bear out this intention. In item IV testator conferred on her authority to lease the real estate "for such term of years as to her seems proper, even though such term of years should extend *beyond her natural life.*" (Emphasis added.) In item V he granted to her, as executrix, for the purpose of settling the estate "full power and authority to sell any property, and to do any act which, in her opinion, is for the best interest of my (his) estate." He clearly intended for her a life estate, and that she, as executrix, should preserve and settle the estate.

We hold that the will in the instant case devised and bequeathed to Pearl T. Crutchfield only a life estate in the property of J. M. Crutchfield, with power to dispose of any or all of the property in fee, either individually or as executrix, for the purposes stated in the will. It devised and bequeathed to Helen Rudisill, testator's adopted daughter, and Della Mae Trotter Kernodle, the wife's niece, a vested remainder in equal shares and in fee "in and to all . . . property . . . remaining unused or unconsumed, or converted into other property at the time of her (the wife's) death." The wife's individual power of disposition was limited to conveyance of any or all real estate which, in her opinion, "should be necessary for her proper support and maintenance" — she to be the judge of the necessity and to have the right to use the proceeds as seemed best to her for her proper maintenance and support. As executrix she was authorized for the purpose of settling the estate to sell any property and to do any act which, in her opinion, was for the best interest of the estate.

After ruling upon defendant's demurrer the court recites that it appears "on the face of the complaint that the trial of the issues of fact raised by the pleadings requires the examination of a long account," and appoints a referee to hear evidence, state the account,

and report his findings of fact and conclusions of law to the court. Defendant assigns as error this compulsory reference of the cause.

The examination of a long account is one of the purposes for which a compulsory reference may be ordered. G.S. 1-189 (1) ; *Manufacturing Co. v. Horn,* 203 N.C. 732, 733, 167 S.E. 42. In an action against an administrator for an accounting, it is contemplated that the cause may be referred. G.S. 28-147. If appropriate procedure is followed, a compulsory reference does not deprive the litigants of their constitutional right to a jury trial on the issues of fact raised by the pleadings and by their exceptions to the referee's findings of fact. *Solon Lodge v. Ionic Lodge,* 245 N.C. 281, 289, 95 S.E. 2d 921.

The ordering or refusal to order a compulsory reference in an action which the court has authority to refer is a matter within the sound discretion of the court. *Veazey v. Durham,* 231 N.C. 354, 356, 57 S.E. 2d 375. The court by its interpretation of the will having ruled in substance that plaintiffs are entitled to an accounting of the administration of the J. M. Crutchfield estate, an appeal from the order of compulsory reference, before judgment upon the report of the referee, is premature and fragmentary and must be dismissed. *LeRoy v. Saliba,* 182 N.C. 757, 108 S.E. 303.

Defendant contends that the order of reference was improperly entered for the reason that there are pleas in bar which might, as preliminary matters, determine the entire action and make an accounting unnecessary. The purported pleas in bar are: (1) want of jurisdiction, (2) misjoinder of parties and causes, (3) that Pearl T. Crutchfield was the owner in fee of all the property of the J. M. Crutchfield estate, and (4) the allegation of defendant that he has filed a final account. The rulings on the demurrer dispose of the first three of these. An allegation by defendant that a final settlement has been made is not such a plea in bar as to prevent a reference. *Jones v. Sugg,* 136 N.C. 143, 48 S.E. 575. We find the order of reference not only proper but sufficient.

The judgment of the court below is affirmed and the cause is remanded for further proceedings according to law.

Affirmed.