Synco, Inc. v. Headen

---

SYNCO, INC., A CORPORATION; AND SYNCO, INC., A CORPORATION, AS THE GENERAL PARTNER OF AND ON BEHALF OF ASSOCIATED APARTMENT INVESTORS/SHADOWOOD, A LIMITED PARTNERSHIP, PLAINTIFFS v. FRANK L. HEADEN, JAMES M. SHANNONHOUSE, JR., JOSEPH W. TERRELL III AND TERRELL CONSTRUCTION COMPANY, A NORTH CAROLINA CORPORATION, DEFENDANTS AND JAMES M. SHANNONHOUSE, JR., THIRD-PARTY PLAINTIFF v. HAROLD L. COOLER, THIRD PARTY DEFENDANT

SYNCO, INC., A CORPORATION; AND SYNCO, INC., A CORPORATION, AS THE GENERAL PARTNER OF AND ON BEHALF OF ASSOCIATED APARTMENT INVESTORS/HOLLYWOOD, A LIMITED PARTNERSHIP, PLAINTIFFS v. FRANK L. HEADEN, JAMES M. SHANNONHOUSE, JR., JOSEPH W. TERRELL, III AND TERRELL CONSTRUCTION COMPANY, A NORTH CAROLINA CORPORATION, DEFENDANTS

No. 7926SC802

(Filed 3 June 1980)

1. Reference § 3.2; Rules of Civil Procedure § 53– compulsory reference – long or complicated account

Synco, Inc. v. Headen

In an action to recover for breach of written warranties in connection with the construction and sale to plaintiffs of two apartment complexes, the trial court, after hearing evidence presented by plaintiffs for three and one-half days, did not err in ordering a compulsory reference on the ground that resolution of the case depended upon findings as to a large number of separate transactions by plaintiffs for repairs to the apartments and some of the appliances therein. G.S. 1A-1, Rule 53(a)(2)(a).

2. **Reference § 7; Rules of Civil Procedure § 53– compulsory reference – report of referee – necessity for transcript of evidence**

The referee in a compulsory reference is required under G.S. 1A-1, Rule 53(f)(3) to file a transcript of the evidence with his report, and the referee's notes summarizing the testimony of the witnesses in the hearing before him are not a proper substitute for the transcript of the evidence.

3. **Reference § 7; Rules of Civil Procedure § 53 – compulsory reference – referee's duty to have reporter submit transcript**

It was the duty of the referee in a compulsory reference, with the assistance of the trial court if needed, to have the reporter who recorded the hearing testimony to submit a copy or copies of the transcript of evidence at the hearing, and any controversy as to the cost of the transcript was not a private matter between the parties to the action but was a question for determination by the referee and the trial court. Therefore, the trial court erred in dismissing plaintiffs' actions for failure to offer at trial a transcript of the evidence heard by the referee.

4. **Reference §7; Rules of Civil Procedure § 53– compulsory reference – waiver of transcript**

The requirement that a transcript of the evidence in a compulsory reference be filed with the referee's report may be waived by the parties.

5. **Reference § 7; Rules of Civil Procedure § 53 – compulsory reference – necessity for transcript of evidence – agreement to use referee's notes**

The parties were entitled to have all appropriate issues determined by the jury upon the report of the referee with the transcript of the evidence unless the parties agreed, as indicated by the referee's report, that the report would be accompanied by the referee's notes without a transcript of the evidence.

APPEAL by plaintiffs from *Snepp, Judge*. Order entered 12 November 1976 from Kirby, Judge. Judgment entered 13 June 1979, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 March 1980.

Plaintiffs filed complaints seeking to recover damages for breach of certain written warranties in connection with the

construction and sale to them of two apartment complexes known as "Shadowood" and "Hollywood" in Charlotte.

Defendants admitted the sale of the two apartment complexes to plaintiffs and the execution of the warranty agreements but denied liability.

The two actions were consolidated and trial began before Judge Snepp without a jury, and plaintiffs had presented evidence for three and one-half days when Judge Snepp declared a mistrial and entered on 12 November 1976 an order of compulsory reference. Both parties objected and excepted to the order.

The Referee heard evidence in June and July 1977 for a total of nine days. Louise G. Johnson and Associates recorded the proceedings, but a transcript of the evidence was not prepared. Other facts relating to the absence of such transcript are included in the opinion. The Referee filed his report on 13 October 1977. Both parties objected and filed exceptions to the Report and demanded jury trial.

At trial the plaintiff offered the oral testimony since there was no transcript of the evidence before the Referee. Defendants moved under Rule 50 to dismiss for failure to present any evidence. The motion was allowed, and plaintiffs appeal from the judgment dismissing both actions.

*Cole & Chesson by Calvin W. Chesson; Hicks & Harris by Eugene C. Hicks III for plaintiff appellants.*

*Caudle, Underwood & Kinsey by Lloyd C. Caudle; Williams, Kratt & Parker by Neil C. Williams; Kennedy, Covington, Lobdell & Hickman by Wayne P. Huckel for defendant appellees.*

CLARK, Judge.

[1] This appeal raises two questions: did the trial court err (1) in ordering the compulsory reference, and (2) in dismissing plaintiffs' actions for failure to offer at trial a transcript of the evidence heard by the Referee?

The written warranties, which are the subject of the actions before us, relate to the plans and specifications for the apartment complexes including certain appliances and equipment in each unit.

The reason for the mistrial and reference are stated in the two opening paragraphs of the order of reference as follows:

"After three and a half days of trial before the Court without a jury, and the Plaintiffs not having yet concluded the presentation of their evidence, the Court is of the opinion that upon the evidence which has been presented, this case cannot be resolved with substantial justice to either party upon any permissible legal theory. The Court, therefore, in its discretion, declares a mistrial.

It being apparent to the Court that the resolution of these suits will depend upon findings as to a large number of individual transactions on the part of the Plaintiffs for repairs to the premises in question and to some of the appliances therein, the cases can only be resolved through reference."

In 1967 the statutes relating to reference were repealed (1967 N.C. Sess. Laws, c. 954), but the statutory provisions were substantially retained and incorporated in G.S. 1A-1, Rule 53, entitled "Referees." The long-standing statutory provision that the trial court may order a compulsory reference where the trial of an issue requires the examination of a "long account" was retained in substance in Rule 53(a)(2)(a), which now provides "long or complicated account."

There is no statutory or judicial definition of a "long account." *Dayton Rubber Mfg. Co. v. Horn,* 203 N.C. 732, 167 S.E. 42 (1932). It is clear, however, that the exact words of the statute do not characterize a case for compulsory reference, and that a "long account" does not restrict the reference to an action on an account. See 11 Strong's N.C. Index 3d *Reference* § 3.2 (1978); *Shute v. Fisher,* 270 N.C. 247, 154 S.E. 2d 75 (1967) (an action against the endorsers and guarantors of a note); *Rudisill*

Synco, Inc. v. Headen

*v. Hoyle,* 254 N.C. 33, 118 S.E. 2d 145 (1961) (an action for accounting against the personal representative of an estate of a decedent); *Pack v. Katzin,* 215 N.C. 233, 1 S.E. 2d 566 (1939) (an action to recover upon a construction contract).

The case *sub judice* has some features similar to *Shute v. Fisher, supra,* where Judge Brock (now Justice Brock) heard plaintiff's evidence for two days, and then ordered a reference. In upholding the reference the Supreme Court commented that the action required the examination of a long account, numerous calculations of interest, and numerous exhibits, and commented that such examination "would be the *equivalent* of 'the examination of a long account.' " (Emphasis added.)

We find that the trial judge did not abuse his discretion in ordering the reference and appointing a Referee. The plaintiffs and defendants collectively were ordered to advance $500 each toward costs.

The Referee engaged Louise G. Johnson and Associates to record the evidence at the hearing, and the firm had a reporter present during the nine days of oral testimony which was recorded on tape by steno mark.

Defendants requested a transcript of the evidence and Johnson and Associates quoted a price which defendants considered unreasonable. Defendants brought action against Johnson and Associates seeking to buy the tapes or have them deposited with the court. The action was dismissed for failure to state a claim in the trial court and was affirmed on appeal by this Court in an unpublished opinion.

The record on appeal does not reveal that either the Referee or the trial court in the case *sub judice* has made any request for a transcript of the evidence or for the tapes.

[2] G.S. 1A-1, Rule 53(f)(3) provides: "The testimony of all witnesses must be reduced to writing by the referee, or by someone acting under his direction and shall be filed in the cause and constitute a part of the record." We hold that the Referee under this Rule is required to file a transcript of the evidence with his

report. This rule follows from *American Trust Co. v. Jenkins*, 196 N.C. 428, 430, 146 S.E. 68, 69 (1929), where Brogden, J., for the Court, stated: "While the referee has power to rule upon the competency of evidence offered by a party or to exclude such testimony from his consideration in making up his report, nevertheless this power must be exercised in subjection to the ultimate right of the parties to have the trial judge to 'review the report, and set aside, modify or confirm it in whole or in part,' . . . The Trial judge cannot intelligently review the report, modify or confirm it, unless the evidence offered by the parties is before him. . . ."

The referee submitted with his report as an exhibit his notes which purportedly consisted of a summary of the testimony of the various witnesses in the hearing before him; such notes, however, are not a proper substitute for the transcript of the evidence and do not meet the requirements of G.S. 1A-1, Rule 53.

[3] It was the duty of the Referee, with assistance from the trial court if needed, to have Louise G. Johnson and Associates submit a copy or copies of the transcript of evidence. Any controversy as to the cost of the transcript was not a private matter between the reporter and the parties to this action but was a question for determination by the Referee and the trial court. We find that the trial court erred in thereafter adopting the Referee's report, in placing the matter on the ready calendar for trial, and in beginning trial and directing verdicts for defendants.

[4] The transcript requirement of Rule 53 may, however, be waived by agreement of the parties. It is noted that the Referee began his report with the statement that he "was notified by counsel that he should make his report based on his notes taken at the hearing. . . ." In contrast, the defendants in their exceptions and objections to the report stated that they did not so notify the Referee but instead "merely advised that the court reporter has refused to supply the transcript of the evidence at a proper price or deliver the tapes to the Clerk of Superior Court so that they could be transcribed. . . ."

[5] In the record before us we do not find a waiver of rights by either the plaintiffs or the defendants which would deprive them of their right to have all appropriate issues determined by the jury upon the report of the Referee with the transcript of the evidence as provided by Rule 53, unless the parties agreed, as indicated by the Referee, that the report would be accompanied by the Referee's notes without a transcript of the evidence.

The judgment dismissing the actions is reversed and the causes are remanded for determination of whether the parties agreed to the submission of the Referee's report "based on his notes" without a transcript of the evidence. If such an agreement were made, the parties will proceed subject to the agreement, but if the court determines there was no such agreement, then the Referee and the court shall order the preparation and filing of a transcript of the evidence presented by the parties at the hearing before the Referee with appropriate advances to be made by the parties for all anticipated costs. The transcript shall be filed with the court as a part of the Referee's report, which shall constitute a filing of the report under G.S. 1A-1, Rule 53 (g)(1). The clerk shall mail notice of the filing to all parties, who may then proceed with exceptions and review as provided by law.

Reversed and Remanded.

Judges MARTIN (Robert M.) and ERWIN concur.